**Robert "White Eagle" OTTO, Richard Lance McLaren, Appellants,**

v.

**The STATE of Texas.**

**Nos. 1801–99, 1802–99.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 15, 2003.

Mike Barclay, Alpine, for appellant Robert "White Eagle" Otto.

Rod Ponton, Marfa, for appellant Richard Lance McLaren.

Jeffrey L. Van Horn, First Assist. St. Att., Matthew Paul, State's Attorney, Austin, for state.

WOMACK, J., filed an opinion, in which KELLER, P.J., MEYERS, JOHNSON, KEASLER, HERVEY, HOLCOMB and COCHRAN, J.J., joined.

The appellants were convicted of organized criminal activity[1] for planning the aggravated kidnapping[2] of two victims, Joe and Margaret Ann Rowe. On appeal, the appellants challenged the validity of their conviction for organized criminal activity indictment. The State replied that the law of parties[3] applies to this element, so that the appellants may be held liable for organized criminal activity by encouraging or soliciting another party to the offense to commit the overt act. The court of appeals agreed with the appellants and overturned their convictions.[4] The State petitioned for discretionary review, which we granted in both cases.

The appellants were officers in an organization, styled the Republic of Texas, whose members believe that Texas is a sovereign nation, which the United States never legally annexed. The victims lived in a resort in Jeff Davis county, as did the appellants. The victims incurred the appellants' hostility for reporting to the local sheriff on the activities of the organization, whose members often carried automatic weapons. The organization circulated fliers around the resort that designated the victims' house as a "military target," and on several occasions the victims heard the appellant McLaren on their radio scanner directing a member of the organization to investigate their house.

[1]. "A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang, he commits or conspires to commit one or more of the following: . . . aggravated kidnapping, kidnapping." TEX. PENAL CODE § 71.02(a)(1). Unless otherwise indicated, all further references to sections refer to the Penal Code.

[2]. "A person commits an offense if the person intentionally or knowingly abducts another person and uses or exhibits a deadly weapon during the commission of the offense." TEX. PENAL CODE § 20.04(b).

[3]. Section 7.01 states that a "person is criminally responsible as a party to an offense if the offense is committed by . . . the conduct of another for which he is criminally responsible," and section 7.02 states that a "person is criminally responsible for an offense committed by the conduct of another if . . . acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. . . ." See TEX PENAL CODE §§ 7.01(a), 7.02(a)(2).

[4]. See McLaren v. State, 2 S.W.3d 595, 600 (Tex.App.-El Paso 1999); Otto v. State, No. 08-97-00650-CR, slip op. at 10 (Tex.App.-El Paso August 26, 1999) (not designated for publication).

On April 27, 1997, the victims reported a white van, which they had seen the day before carrying organization members with automatic weapons. A sheriff's deputy stopped the van and eventually arrested the driver. Soon afterwards, three heavily armed organization members, Greg Paulson, Karen Paulson, and Richard Keyes, arrived in the appellant Otto's vehicle and stormed the victims' house, at which time they shot Joe Rowe through his front door. The organization members placed the victims "under arrest" and held them captive until the Texas Rangers negotiated their release that night.

Although the appellants were not present at the kidnapping, they were centrally involved in the abduction. The three kidnappers used Otto's vehicle; he helped plan the abduction; and he was in radio contact with the abductors during the kidnapping. McLaren helped plan the kidnapping, directed the three abductors, was in radio contact with them, gave interviews to the press at the time, and helped negotiate the release of the victims.

The overt act alleged in the indictment was the appellants' abduction of the victims with intent to use them as hostages.[5] Neither appellant, however, personally abducted the victims. The court of appeals overturned the appellants' convictions, holding that the evidence was legally insufficient because there was no evidence that the appellants committed the alleged overt act.[6]

The State argues that the law of parties should apply, in that the appellants were criminally responsible for the kidnapping because they directed, encouraged, and aided in committing the offense. The

State contends that because the kidnapping constitutes the overt act required by section 71.02, the appellants' involvement as parties to the kidnapping supports their convictions under that statute.

■■■ Citing *Barber v. State,*[7] the Court of Appeals concluded that the law of parties is inapplicable to liability for engaging in organized criminal activity. The court misapplies our holding in that case. In *Barber,* we distinguished the elements of criminal conspiracy from those of organized criminal activity, emphasizing that the latter offense requires that "the actor must not only agree to participate but must himself perform some overt act in pursuance of that agreement." *Barber* at 235. However, *Barber* did not address the law of parties. The Court of Appeals was incorrect in its conclusion that the definition of engaging in organized criminal activity set forth in *Barber* precludes the State from relying on the law of parties in prosecutions for that offense. If anything, *Barber's* implication for the law of parties is simply that the elements of engaging in organized criminal activity render the State's reliance on the doctrine unnecessary. Because the "overt act" element of organized criminal activity need not be criminal in itself,[8] acts that suffice for party liability—those that encourage, solicit, direct, aid, or attempt to aid the commission of the underlying offense—would also satisfy the overt act element of section 71.02. This does not mean, however, that the law of parties is "inapplicable" in a prosecution under section 71.02.

■■■ In this case, the State alleged kidnapping as the overt act under section 71.02. The appellants were the leaders of

---

5. *See McLaren,* 2 S.W.3d at 598; *Otto,* slip op. at 6.

6. *See McLaren,* 2 S.W.3d at 598–600; *Otto,* slip op. at 7–10.

7. 764 S.W.2d 232 (Tex.Cr.App.1988).

8. *Barber,* 764 S.W.2d at 235.

an organization that functioned as the combination. Their involvement in the planning, execution, and aftermath of the kidnapping was tantamount to encouraging, directing, aiding, or attempting to aid in the offense, and therefore, it authorized a conviction under the law of parties.

The judgments of the Eighth Court of Appeals are reversed and the cases are remanded to that court for consideration of the remaining points of error.

PRICE, J., concurred in the judgment.