Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JULIAN GARCIA,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00308-CR

Appeal from the

346th District Court

of El Paso County, Texas

(TC# 20020D05376)




           O P I N I O N

           This is an appeal from a conviction for the offense of indecency with a child. The jury
assessed punishment at twenty years’ imprisonment and a fine of $10,000. We affirm the
judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           The victim was eleven years old at the time of trial. She testified she and her three
siblings lived with her mother and Appellant in an apartment. The victim stated that in 2001
during the months of April through July, Appellant began a pattern of sexual abuse, usually
when the victim was alone in her room and her mother was not at home. The victim’s
mother testified that she had met Appellant in 1994 and married him in 1999. She had lived
with him for approximately six years.
           During cross-examination of the victim, through a series of questions, defense counsel
asked her to describe her daily activities on a typical day during the April to July period. The
victim related that she would generally walk home with one or another of her brothers when
the school day ended at 3 p.m. The court then sua sponte instructed the parties to approach
the bench where the following exchange occurred:
           COURT:I hate to interrupt but what’s the point of this line of questioning?
DEFENSE:Your Honor, I’m trying to figure out--I need her to tell us what
happened. She’s given us a couple of examples, and I’m trying
to figure out. She’s saying that this happened in the apartment. 
She’s saying this happened from a four-month period, Judge,
and I’m trying to figure out what other incidents happened.
 
COURT:Well, I mean, you understand she’s 11 years old. You want to
test her memory.
 
DEFENSE:Judge, I’m trying to be as nice to her as--
 
COURT:I understand, but let’s see if we can get to the relevance.
 
STATE:I am not objecting to relevance just because there’s not anything
irrelevant, but I can’t object to--
 
DEFENSE:Well, I don’t know. It’s up to you.
 
           STATE:        There’s a lot of things that aren’t relevant.
 
COURT:The State has no objection. Okay.
 
DEFENSE: I’ll try to move it along.
 
COURT:Okay. 
           When the cross-examination continued, Appellant’s counsel asked the victim who
would pick her up from school during the four-month period. The court sustained the
prosecutor’s relevancy objection. The court also similarly sustained the State’s objection to
Appellant’s attempt to inquire about who would prepare dinner for the family. The following
exchange then occurred during a bench conference:
DEFENSE:Your Honor, I’m just trying to figure out what she does in a day
at school. She says this is a four-month period. I’m just trying
to figure out what she does and kids eat. That’s the first thing
I remember coming home from school. 
 
COURT:I understand, but what does that have to do with--
 
DEFENSE:It has the kind of relationship that’s in this house. It has to do
with his demeanor towards her, the things he did or the kind of
life they had. This suddenly happened, Judge. When her mom
started going to school [sic]. I’m just trying to figure it out. 
 
COURT:Let’s do it, but lets pair [sic] it down to three or four or five
more specific questions. I mean, I think you can get to that
information a lot quicker, so I’ll ask that you do that.
 
DEFENSE:I’ll try to, Judge. 

           When cross-examination resumed, the court sustained the State’s objection to defense
counsel’s question about a specific incident where Appellant sexually assaulted the victim
in his bedroom while the mother was at work. Appellant’s counsel then asked the victim
about her typical daily activity during the month of June and she responded that Appellant
would touch her on her private parts. When defense counsel asked the victim where the
sexual abuse took place, the prosecutor objected that the question was repetitive and another
bench conference was held to the following tenure:
COURT:Mr. Garcia, I understand what you need to do, but my view is
that this is approaching badgering.
 
DEFENSE:Judge, I’m trying to ask for her memory. 
 
COURT:We’re going to be here all afternoon.
 
DEFENSE:You already cut me off from school, so now I move onto
summer. I just need to figure out what happened in summer and
then I’m going to move on to the 30th of July. And that’s it. 
And I strenuously object to you telling me that I cannot ask her
questions about her memory during this four-month period.
 
COURT:You can object, but if it’s in my view an unnecessary rabbit trail,
which could appear to be badgering her. 
 
DEFENSE:I’m not trying to badger her. I’m just trying to find out what she
remembered. You didn’t let me ask her. I was trying to find out
what she was doing the days that she went to school. That
became repetitive. I’m trying to figure out--there were two
months in the summer that she did not go to school. I just want
to know what was happening.
 
COURT:All right. I’ll allow it. Let’s go ahead. Let’s wrap it up.
 
DEFENSE:I’m almost finished, Judge. 

           Defense counsel again continued to ask the victim where she and Appellant were
when he sexually assaulted her in the summer of 2001. She responded that he touched her
in her mother’s bedroom and in her own bedroom. She could not remember how many times
she was assaulted that summer. During later cross-examination, defense counsel established
that the apartment had only one bathroom.
           During the closing arguments, the following occurred:
STATE:We had testimony from [the victim] that he was touching her in
her private parts, and I think that both attorneys, Mr. Miller and
Mr. Garcia, elicited more testimony from her where she was
specific he touched her breasts. He touched her in between her
leg. He touched her anus. I think she also was elicit [sic] in her
testimony when she said that he would force her hand so that she
would touch his sexual organ. I don’t’ think there was any
question of that. 

           Defense counsel did not object to this statement. The victim never testified 

that Appellant touched her anus. Later in the argument, the following exchange occurred:
 
STATE:Now, [the victim] is 11 years old, so maybe some of her points
didn’t come across that well, but the main point is--she might
not remember dates, she might not remember the exact layout of
the house or the apartment, but she remembers the abuse
happened. She remembers that he did it, and that he touched her
inappropriately, that he touched her breasts and that he touched
her in between her legs. That he touched her anus.
 
DEFENSE:Your Honor, I would object to that. I don’t believe there was
any testimony about the last item, the anus, and I don’t think the
record reflects any testimony about anus. 
 
COURT:Before you continue--I’m going to deny the objection. The
charge was prepared, it’s contained in the charge so I’m going
to view it as a waiver as to anything that might--
 
DEFENSE:I’m not objecting to the charge, I’m objecting to her statement
that that was in the evidence. That’s not been in the evidence. 

           A bench conference then occurred where the prosecutor indicated to the court:
If you just say, the jury you will recall what the evidence was, that’s the best
way to handle that, because, otherwise, you’d be making a comment on the
weight of the evidence. So we would just ask that you instruct the jury that
they’ll recall what the evidence indicated whether he touched her anus or not. 

           The court then stated to the prosecutor, “Well, just don’t refer to anus in closing.” 
The court never instructed the jury to disregard the prosecutor’s comment. During defense
counsel’s argument, it was argued that the victim never testified that she stated her anus had
been touched.
II. DISCUSSION
           In Issue No. One, Appellant contends that the court erred by limiting his right to cross-examine a State witness thereby violating his right to confront witnesses under the State and
Federal Constitutions. Specifically, Appellant asserts that the court’s rulings sustaining the
State’s objections on relevance regarding questions about the victim’s daily activity and his
urging Appellant’s counsel to hurry his cross-examination violated his right to confrontation;
that is, the jury might have received a different impression of the victim’s credibility if
defense counsel had been able to pursue his line of cross-examination.
           Generally, a defendant is entitled to pursue all avenues of cross-examination
reasonably calculated to expose motive, bias, or interest for a witness to falsify his or her
testimony, subject to the trial court’s discretion to limit the scope of cross-examination. See
Carroll v. State, 916 S.W.2d 494, 497-98 (Tex.Crim.App. 1996). However, to preserve a
complaint that the trial court erroneously excluded evidence, the complaining party must
bring forward a record indicating the nature of the evidence. Guidry v. State, 9 S.W.3d 133,
153 (Tex.Crim.App. 1999); Haygood v. State, 127 S.W.3d 805, 812 (Tex.App.--San Antonio
2003, pet. ref’d). Absent a showing of what such testimony would have been, or an offer of
a statement concerning what the excluded evidence would show, nothing is presented for
review. Guidry, 9 S.W.3d at 153; Haygood, 127 S.W.3d at 812. An informal bill will suffice
as an offer of proof when it includes a concise statement of counsel’s belief of what the
testimony would show. Love v. State, 861 S.W.2d 899, 901 (Tex.Crim.App. 1993). When
counsel intends to rely upon an informal bill to preserve error, the bill must include a
summary of the proposed testimony. Id. In this case, Appellant’s counsel explained why he
thought it was relevant to question the victim regarding her activities during various time
periods. However, Appellant’s counsel never summarized the proposed testimony by the
victim if he were allowed to inquire about her activities. Because Appellant’s offer of proof
failed to include a summary of the proposed testimony, he has failed to preserve error and
presents nothing for our review. Issue No. One is overruled.
           In Issue No. Two, Appellant argues that the court erred by commenting on the weight
of the evidence during trial. Appellant complains that when defense counsel objected that
the prosecutor’s statement in argument that Appellant touched the victim’s anus was outside
the record, the court’s comment, “Before you continue--I’m going to deny the objection. The
charge was prepared, it’s contained in the charge so I’m going to view it as a waiver as to
anything that might--” constituted a comment on the weight of the evidence.


 We note that
Appellant did not object to the comment by the judge; therefore, any error is waived. Tex.
R. App. P. 33.1(a); see Devis v. State, 18 S.W.3d 777, 782 (Tex.App.--San Antonio 2000, no
pet.).
           However, even if Appellant had preserved error, we find that the error, if any, did not
constitute reversible error. Texas Code of Criminal Procedure article 38.05 provides:
In ruling upon the admissibility of evidence, the judge shall not discuss or
comment upon the weight of the same or its bearing in the case, but shall
simply decide whether or not it is admissible; nor shall he, at any stage of the
proceeding previous to the return of the verdict, make any remark calculated
to convey to the jury his opinion of the case.

           Tex. Code Crim. Proc. Ann. art. 38.05 (Vernon 1979).

           A trial court improperly comments on the weight of the evidence if it makes a
statement that implies approval of the State’s arguments, or that indicates disbelief in or
diminishes the credibility of a defense position. Hoang v. State, 997 S.W.2d 678, 681
(Tex.App.--Texarkana 1999, no pet.). To be reversible, a violation of article 38.05 must be
reasonably calculated to benefit the State or prejudice the rights of the defendant. Sharpe v.
State, 648 S.W.2d 705, 706 (Tex.Crim.App. 1983) (en banc); see also Clark v. State, 878
S.W.2d 224, 226 (Tex.App.--Dallas 1994, no pet.). In evaluating whether the court’s
comment on the evidence was reasonably calculated to benefit the State or prejudice the
defendant, the reviewing court first examines whether the statement was material to the case;
a comment is material if the jury had the same issue before it. Clark, 878 S.W.2d at 226. 
The reviewing court must consider the consequences that probably resulted from the trial
court’s comment, and the error is harmless if the court determines beyond a reasonable doubt
that the court’s error made no contribution to the defendant’s conviction. Id.; see also Tex.
R. App. P. 44.2(a).
           In the present case, while the trial judge mistakenly believed the charge somehow
indicated that the question of Appellant touching the anus of the victim was in evidence, we
note that the application paragraph did not allow a conviction on that theory thereby
ameliorating any harm that may have accrued. See Otto v. State, 104 S.W.3d 715, 718
(Tex.App.--El Paso 2003, no pet.). As such, the judge’s comment guided the jury’s
consideration only in a factual scenario that was not before them. Viewing the comment in
light of the record, the jury would have found it inapplicable to the facts. See Luquis v. State,
72 S.W.3d 355, 366 (Tex.Crim.App. 2002) (“[w]e assume that the jury followed the
instructions as given”). Because the instruction commented on the weight of evidence, if it
did, that was not presented at trial, we hold that it was harmless. Issue No. Two is overruled.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.

                                                                  RICHARD BARAJAS, Chief Justice
June 23, 2005

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)