

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00425-CV

## IN THE MATTER OF L.M.O., A JUVENILE

**From the County Court at Law No. 1
Johnson County, Texas
Trial Court No. J05419**

## MEMORANDUM  OPINION

In three issues, appellant, L.M.O., a juvenile, challenges the jury's finding that he engaged in delinquent conduct.  We affirm.

### I.     BACKGROUND

In its original adjudication petition, the State alleged that appellant engaged in delinquent conduct—specifically, burglary of a motor vehicle, engaging in organized criminal activity, and evading arrest.  The charged offenses in this case occurred on or about March 11, 2013, and stemmed from, among other things, the burglary of Trenna Stafford's motor vehicle and appellant's subsequent attempts to evade arrest.  At the time of the alleged incident, appellant was fifteen years old.

The case proceeded to trial before a jury. Appellant pleaded "true" to the evading-arrest allegation. At the conclusion of the evidence, the jury determined that disposition should be made on the allegation made in the State's adjudication petition. Thereafter, the trial court signed an adjudication order, stating that appellant engaged in delinquent conduct within the meaning of section 51.03 of the Texas Family Code. *See generally* TEX. FAM. CODE ANN. § 51.03 (West 2014). A disposition hearing immediately followed. In its order of disposition, the trial court noted that appellant is in need of rehabilitation. To that end, the trial court placed appellant on probation for a period of twelve months and ordered that appellant pay probation fees, complete 120 hours of community service, and successfully complete individual counseling, family counseling, drug and alcohol counseling, and the Youth Advocate Program. In addition, as a condition of appellant's probation, the trial court also ordered appellant's parents to attend parent orientation. The trial court certified appellant's right of appeal, and this appeal followed.

## II. ENGAGING IN ORGANIZED CRIMINAL ACTIVITY

In his first and third issues, appellant challenges the State's allegation that he engaged in organized criminal activity. Specifically, in his first issue, appellant contends that the trial court erred in denying his motion for a directed verdict because the record contains no evidence or testimony indicating that he "planned or collaborated . . . or otherwise 'conspired to commit' criminal activities beyond the conclusion of one single event consisting of [his] burglary or attempted burglary of a single vehicle." In his third issue, appellant contends that the burglaries on the night in

question constituted a single criminal episode, rather than a continuing course of criminal activity.

## A.    Facts

The record reflects that appellant, A.L., and Vicente Elizalde Jr. were hanging out drinking and smoking cigarettes on the night in question. After smoking all of the cigarettes they had, Elizalde suggested that appellant drive to Elizalde's neighbor's house to get more cigarettes. Appellant did not have a driver's license at the time, and he had taken the vehicle without his parent's permission. Nevertheless, appellant agreed to take Elizalde and A.L. to the neighbor's house to get more cigarettes. According to A.L., Elizalde told A.L. and appellant that he was going to steal some cigarettes from his neighbor's vehicle. Elizalde stole two cigarettes from the neighbor's vehicle while A.L. and appellant remained in appellant's parent's car. The record reflects that the three friends smoked the two cigarettes that were stolen from the neighbor's vehicle. The group then drove around looking for more cigarettes and other items from other cars. Appellant drove his parent's car through Elizalde's neighborhood and other neighborhoods looking for more items to steal. Appellant drove slowly and would stop the car to allow A.L. and Elizalde to enter and steal items from other vehicles.

Later that night, appellant allowed Elizalde to drive the car. Though it was dark, Elizalde drove the car without the headlights turned on, presumably to avoid detection. Both A.L. and Elizalde testified that, after Elizalde began driving the car, appellant burglarized several vehicles and removed items from the vehicles. The group then

devised a plan to steal change from vehicles to pay for gasoline for appellant's parent's car. According to A.L., appellant stole coins from ten to fifteen different vehicles, though appellant admitted to only attempting to burglarize one vehicle. In total, A.L. estimated that the friends burglarized about forty vehicles. Elizalde stated that they had burglarized twenty to twenty-five vehicles.

Thereafter, police caught up with the three friends and began following the vehicle. Upon noticing that they were being followed, the three friends fled on foot from police. Eventually, the three friends were arrested.

## B. Motion for Directed Verdict

We review a challenge to the denial of a motion for directed verdict as a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

Our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. Furthermore, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of the witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

The sufficiency of the evidence is measured by reference to the elements of the offense as defined by a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically-correct jury charge does four things: (1) accurately sets out the law; (2) is authorized by the indictment; (3) does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability; and (4) adequately describes the particular offense for which the defendant was tried. *Id.*

### C. Elements of the Offense of Engaging in Organized Criminal Activity

Section 71.02(a)(1) of the Texas Penal Code provides that:

A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a

member of a criminal street gang, the person commits or conspires to commit one or more of the following . . . burglary of a motor vehicle . . . .

TEX. PENAL CODE ANN. § 71.02(a)(1) (West Supp. 2013). As used in chapter 71 of the Texas Penal Code, "[c]ombination" is defined as "three or more persons who collaborate in carrying on criminal activities . . . ." *Id.* § 71.01(a) (West 2011). Further, section 71.01(b) states that:

> "Conspires to commit" means that a person agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense and that person and one or more of them perform an overt act in pursuance of the agreement. An agreement constituting conspiring to commit may be inferred from the acts of the parties.

*Id.* § 71.01(b).

> Moreover, the Court of Criminal Appeals has noted:

> A person may be guilty of criminal conspiracy by doing nothing more than agreeing to participate in the conspiracy, as long as another conspirator commits some overt act in furtherance of the conspiracy. But to commit the offense of engaging in organized criminal activity, the actor must not only agree to participate but must himself perform some overt act in pursuance of that agreement. Guilt requires two ingredients: (1) intent to participate in a criminal combination, and (2) the defendant's performing some act, not necessarily criminal in itself, in furtherance of the agreement.

*Barber v. State*, 764 S.W.2d 232, 235 (Tex. Crim. App. 1988) (en banc).

**D.      An Agreement Among Friends**

Here, the three friends initially set out to procure more cigarettes by burglarizing other vehicles with the proceeds of the burglaries being placed in the car driven by appellant. Eventually, the friends burglarized vehicles to obtain money to pay for gasoline for appellant's parent's car. Though appellant testified that he merely

attempted to burglarize one vehicle, A.L. testified that appellant burglarized ten to fifteen vehicles, taking money from those vehicles. Additionally, appellant drove his parent's car slowly through Elizalde's neighborhood and through other neighborhoods so that A.L. and Elizalde could burglarize vehicles in search of cigarettes and other items. In other words, the record contained evidence demonstrating that appellant burglarized several vehicles and engaged in other overt acts—namely, transporting A.L. and Elizalde in appellant's parent's car during the burglaries—that were intended to further the friends' implicit agreement. *See* TEX. PENAL CODE ANN. § 71.01(b). Furthermore, the record reflects that appellant and his two friends participated in the profits from the burglaries, as evidenced by the fact that the friends smoked cigarettes that were stolen from other vehicles. *See id.* § 71.02(a)(1).

Though A.L., Elizalde, and appellant all testified that they did not have an explicit agreement to burglarize vehicles that night, we conclude that a rational juror could have inferred from the conduct of A.L., Elizalde, and appellant that the three had an implicit agreement to burglarize vehicles that evening in search of cigarettes, money, and other items.[1] *See* TEX. PENAL CODE ANN. §§ 71.01(a)-(b), 71.02(a)(1); *see also Jackson*,

---

[1] In any event, appellant cites the Eastland Court of Appeals' decision in *Roberson v. State*, 311 S.W.3d 642 (Tex. App.—Eastland 2010, no pet.), to support his contention that the evidence is insufficient to establish the "combination" element associated with the allegation that he engaged in organized criminal activity. We find the *Roberson* case to be distinguishable from the case at bar.

In *Roberson*, the Eastland Court of Appeals reversed a conviction for engaging in organized criminal activity because the State did not proffer sufficient evidence to establish that three or more persons worked together in a continuing course of criminal activity. *See id.* at 648-49 ("But multiple criminal acts, without more, does not establish a combination engaged in organized criminal activity. . . . While there was considerable evidence establishing Roberson's guilt of forgery and some evidence implicating Hall, there was no evidence connecting Baines to a combination working together in a continuing course of criminal activity. Section 71.01(a) requires proof of three or more persons to

443 U.S. at 318-19, 99 S. Ct. at 2788-89; *Hooper*, 214 S.W.3d at 13. Moreover, despite appellant's testimony that he only attempted to burglarize one vehicle, A.L. and Elizalde testified that the friends burglarized between twenty and forty vehicles that evening and that appellant was an active participant. Therefore, to the extent that the evidence conflicts, we note that it is within the province of the factfinder—the jury, here—to resolve any conflicts in the testimony, and we are to defer to the factfinder's resolution of such conflicts. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2792-93; *see also Chambers*, 805 S.W.2d at 461. In determining that appellant engaged in organized criminal activity, the jury resolved any conflicts in the evidence—in particular, the extent of appellant's participation with the agreement—against appellant. We therefore conclude that, based on the aforementioned evidence, a rational juror could have concluded that appellant performed several overt acts in furtherance of the burglaries of the vehicles. *See* TEX. PENAL CODE ANN. §§ 71.01(a)-(b), 71.02(a)(1); *Barber*, 764 S.W.2d at 235; *see also Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2788-89; *Hooper*, 214 S.W.3d at 13.

### E.     A Continuing Course of Criminal Activity

As stated earlier, section 71.02(a)(1) of the Texas Penal Code provides that a defendant commits the offense of engaging in organized criminal activity if, with the

---

establish a combination. The evidence, therefore is legally insufficient to support Roberson's conviction for engaging in organized criminal activity."). Indeed, the evidence in *Roberson* showed that a third person to the alleged combination only gave a false name to the arresting officer twice despite having no active warrants. *Id.* at 648.

*Roberson* differs from the instant case because the evidence in this case supports an inference that appellant had knowledge of the burglaries committed by A.L. and Elizalde; that appellant committed at least one burglary himself; and that the stolen property was held in appellant's parent's car that appellant was driving most of the night. In other words, the evidence establishing the "combination" in this case is much more substantial than that in *Roberson*. *See id.*

intent to establish, maintain, or participate in a combination, he commits or conspires to commit one or more of the enumerated offenses, including burglary of a motor vehicle. TEX. PENAL CODE ANN. § 71.02(a)(1). Moreover, a "combination" is defined as three or more persons who collaborate in carrying on criminal activities. *See id.* § 71.01(a). Analyzing the language of sections 71.01(a) and 71.02(a)(2), Texas courts have held that the State must prove that a defendant intended to participate in a continuous course of criminal activity to sustain a conviction for engaging in organized criminal activity. *Lashley v. State*, 401 S.W.3d 738, 743 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Nguyen*, 1 S.W.3d at 697). "It involves more than the intent to merely commit an enumerated offense, a plan to commit a single act, or proof of working jointly to commit a crime—it requires proof of continuity." *Id.* (citing *Hart v. State*, 89 S.W.3d 61, 63-64 (Tex. Crim. App. 2002); *Nguyen*, 1 S.W.3d at 696-97). "The activities do not have to individually be criminal offenses to satisfy the statutory requirement, and a single criminal offense can be sufficient." *Id.* (citing *Nguyen*, 1 S.W.3d at 697; *Dowdle v. State*, 11 S.W.3d 233, 236 (Tex. Crim. App. 2000). "However, the statute requires proof of intended continuity, i.e., 'that appellant intended to establish, maintain, or participate in a group of three or more, in which the members intend to work together in a continuing course of criminal activities.'" *Id.* (quoting *Nguyen*, 1 S.W.3d at 697). "The combination's members must be more than temporarily organized to engage in a single criminal episode." *Id.* at 744 (citing *Munoz v. State*, 29 S.W.3d 205, 208-09 (Tex. App.—Amarillo 2000, no pet.)). The *Lashley* Court further notes:

There must be proof of an intent to participate in a criminal combination that extends beyond a single criminal episode, ad hoc effort, or goal, regardless of whether multiple laws were broken within the confines of that episode or effort. Evidence of multiple criminal violations alone does not permit the inference that the members of the group intended to continue working together beyond the completion of an episode or achievement of a goal. Evidence must be offered that allows a jury to infer that the group intended to continue engaging in illegality over a period of time.

*Id.* (internal citations omitted). Additionally, it is worth mentioning that section 3.01 of the Texas Penal Code defines a "criminal episode" as:

the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE ANN. § 3.01 (West 2011).

Again, as noted earlier, the friends first agreed to steal cigarettes out of Elizalde's neighbor's vehicle. To facilitate that action, appellant drove A.L. and Elizalde to Elizalde's neighbor's house. After obtaining and smoking two cigarettes stolen from the vehicle of Elizalde's neighbor, the friends decided to continue to burglarize vehicles for more cigarettes and other items, including designer coin purses and electronics. Appellant drove A.L. and Elizalde through several neighborhoods in Burleson to determine which vehicles to burglarize. Later, Elizalde drove the car while A.L. and appellant burglarized other vehicles. At some point, the friends determined that they

would also burglarize vehicles for money so that they could fill appellant's parent's car with gasoline. A.L. testified that the friends burglarized about forty vehicles that evening. Elizalde noted that the figure was more like twenty to twenty-five.

We conclude that the actions taken by appellant, A.L., and Elizalde amount to more than a single criminal episode. *See id.*; *see also Nguyen*, 1 S.W.3d at 696-97; *Lashley*, 401 S.W.3d at 744-45. A rational juror could infer from the testimony that the friends made an agreement to burglarize numerous vehicles to obtain cigarettes, money, and other items throughout the night; or, in other words, a rational juror could conclude that the friends participated in a combination designed to continue engaging in illegality over a period of time. *See Lashley*, 401 S.W.3d at 744-45 (citing *Munoz*, 29 S.W.3d at 210).

Accordingly, viewing the evidence in the light most favorable to the verdict, we conclude that the evidence is sufficient to support the jury's determination that appellant engaged in organized criminal activity. *See* TEX. PENAL CODE ANN. §§ 71.01(a)-(b), 71.02(a)(1); *see also Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2788-89; *Lucio*, 351 S.W.3d at 894; *Hooper*, 214 S.W.3d at 13. And as such, we cannot say that the trial court erred in denying appellant's motion for a directed verdict. *See Williams*, 937 S.W.2d at 482. We overrule appellant's first and third issues.

### III.   THE JURY CHARGE

In his second issue, appellant complains about language included in the jury charge. Specifically, appellant asserts that the jury charge included the allegation that

he burglarized a vehicle owned by Trenna Stafford—an allegation that appellant alleges was not supported by the evidence.

## A.    Applicable Law

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If error is found, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003). If an error was properly preserved by objection, reversal will be necessary if the error is not harmless. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Conversely, if error was not preserved at trial by a proper objection, a reversal will be granted only if the error presents egregious harm, meaning appellant did not receive a fair and impartial trial. *Id.* To obtain a reversal for jury-charge error, appellant must have suffered actual harm and not just merely theoretical harm. *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

Appellant admits that he did not object to the jury charge; thus, he must show egregious harm. *See Almanza*, 686 S.W.2d at 171. In examining the record for egregious harm, we consider the entire jury charge, the state of the evidence, the final arguments of the parties, and any other relevant information revealed by the record of the trial as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Stuhler v. State*, 218 S.W.3d 706, 719 (Tex. Crim. App. 2007).

**B.    Discussion**

On appeal, appellant complains that the jury charge "was fundamentally defective because it added a specific scenario to the alleged offense when no such evidence was provided establishing said described action."    Specifically, appellant contends that the evidence establishes that Elizalde, not appellant, burglarized Stafford's vehicle.

Here, the jury charge provided the following:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 11th day of March, 2013, in Johnson County, Texas, that [appellant] did, without the effective consent of the owner, Trenna Stafford, break into or enter any part of her vehicle with intent to commit theft, and committed the said offense with the intent to establish, maintain, or participate in a combination or in the profits of a combination, then you will find that [appellant] is a child who has engaged in delinquent conduct by committing the offense of Engaging in Organized Criminal Activity (Burglary of a Vehicle) and so say by your verdict; but if you do not so find, or if you have a reasonable doubt thereof, you will say by your verdict that [appellant] is not a child who has engaged in delinquent conduct.

The charge also included an instruction on law of the parties, which stated as follows:

> A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.
>
> A person is criminally responsible for an offense committed by another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

And this language tracks sections 7.01(a) and 7.02(a)(2) of the Texas Penal Code.  *See*

TEX. PENAL CODE ANN. §§ 7.01(a), 7.02(a)(2) (West 2011).

With respect to Stafford's vehicle, the testimony did establish that appellant did not personally burglarize that vehicle. However, the evidence did establish that Elizalde stole a GPS unit out of Stafford's vehicle without her consent and that police found inside appellant's parent's car the stolen GPS unit with Stafford's home address located on the unit's front screen. And as noted above, we concluded that the evidence is sufficient to support the jury's determination that appellant engaged in organized criminal activity. This conclusion is based on: (1) the implicit agreement between the friends to burglarize vehicles in search of cigarettes, money, and other items; and (2) appellant's performance of several overt acts, including driving his car slowly to assist Elizalde and A.L. in the burglaries and engaging in at least one burglary himself. Given this, a rational jury could have found appellant guilty of burglarizing Stafford's vehicle as a party or as a member of a chapter 71 combination. *See* TEX. PENAL CODE ANN. §§ 7.01(a), 7.02(a)(2), 71.01(b), 71.02(a)(1); *see also Jackson*, 443 U.S. at 318-19, 99 S. Ct. at 2788-89; *Otto v. State*, 95 S.W.3d 282, 284 (Tex. Crim. App. 2003) ("If anything, *Barber*'s implication for the law of parties is simply that the elements of engaging in organized criminal activity render the State's reliance on the doctrine unnecessary. Because the 'overt act' element of organized criminal activity need not be criminal in itself, acts that suffice for party liability—those that encourage, solicit, direct, aid, or attempt to aid the commission of the underlying offense—would also satisfy the overt act element of section 71.02. This does not mean, however, that the law of parties is 'inapplicable' in a prosecution under section 71.02."); *Hooper*, 214 S.W.3d at 13; *Miller v. State*, 83 S.W.3d 308, 313-14 (Tex. App.—Austin 2002, pet. ref'd) (noting that evidence may be deemed

sufficient to sustain a conviction under the law of parties if the evidence shows that the defendant was physically present at the commission of the offense and encouraged the commission of the offense either by words or other agreement).

Moreover, it is particularly noteworthy that section 71.03 of the Texas Penal Code provides: "It is no defense to prosecution under Section 71.02 that . . . one or more members of the combination are not criminally responsible for the object offense." TEX. PENAL CODE ANN. § 71.03 (West 2011). What this means is that, because the evidence supports the jury's determination that appellant engaged in organized criminal activity, appellant cannot argue that he is not guilty of burglarizing Stafford's vehicle because Elizalde actually did it. *See id.*; *see also McLaren v. State*, 104 S.W.3d 268, 272 (Tex. App.—El Paso 2003, no pet.) (op. on remand) ("Counsel argued that McLaren could not be held responsible for the kidnaping [sic] because he did not personally perform the abduction. Under the Court of Criminal Appeals' decision, it is irrelevant whether McLaren personally performed the abduction. . . . A person who engages in organized criminal activity by conspiring to commit an offense is guilty of the same level of offense as the offense that he conspired to commit." (citing TEX. PENAL CODE ANN. § 71.02(c); *Otto*, 95 S.W.3d at 284)).

Therefore, based on the foregoing, we cannot say that appellant was egregiously harmed by the charge, as presented. *See Stuhler*, 218 S.W.3d at 719; *Olivas*, 202 S.W.3d at 144; *Almanza*, 686 S.W.2d at 171. We overrule appellant's second issue.

**IV.  CONCLUSION**

Having overruled all of appellant's issues on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 31, 2014
[CV06]