# NO. 12-09-00396-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TIMOTHY B. CHOICE,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *OPINION*

Timothy B. Choice appeals his conviction for theft of copper wire. A jury found him guilty and sentenced him to sixteen years of imprisonment and a fine of $2,500.00. He contends the evidence is legally insufficient to support the conviction and the trial court erred by denying his requested instruction on a lesser included offense. We affirm.

## BACKGROUND

James Smith stores rolls of copper wire on his property for use in his work as an electrician. One afternoon, he and his wife returned to their home and saw a vehicle parked in front of their house. Smith attempted to speak to the driver, Appellant, but Appellant drove away. Two or three partial rolls of copper wire were on the ground near where the car had been parked. Smith returned to his vehicle and followed Appellant until Appellant stopped in a neighbor's driveway. Smith again attempted to speak to Appellant, but Appellant drove around the Smiths' vehicle and got away. The trunk of Appellant's car was not closed, and Smith saw rolls of copper wire in the trunk.

## LEGAL SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant contends the evidence is legally insufficient to support his conviction. Specifically, he argues that the State did not prove that the wire stolen had a copper consistency of at least fifty percent.

## Applicable Law

In reviewing the legal sufficiency of the evidence to support a conviction, we consider all the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). It is the jury's duty to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The appellate court determines whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).

A person commits theft if he unlawfully appropriates property with intent to deprive the owner of the property without the owner's effective consent. TEX. PENAL CODE ANN. § 31.03(a), (b)(1) (Vernon Supp. 2010). The offense is a state jail felony if the value of the property stolen is less than $20,000.00 and is insulated or noninsulated wire or cable that consists of at least fifty percent copper. TEX. PENAL CODE ANN. § 31.03(e)(4)(F)(iii) (Vernon Supp. 2010).

## Discussion

The value and copper content of stolen wire determine the applicable penalty and thus must be alleged and proven. *See id*. Appellant was indicted for unlawfully appropriating insulated and noninsulated wire that consisted of at least fifty percent copper, valued at less than $20,000.00, from James Smith without Smith's effective consent and with intent to deprive Smith of the property. Smith testified that he had been an electrician for about nine years and is familiar with copper wire. He explained that all of his wire is insulated and one hundred percent copper.

On cross examination, Smith said, "Everything I got behind my shed is copper, 100 percent." Defense counsel asked what it said on the box and whether it stated a percentage. Smith answered that it says "copper wire" and does not say what percentage. At this point, Smith seemed less certain. Counsel asked, "So I mean, for all you know, it could be 49 percent copper?" Smith replied, "I don't think so; but, yeah, for all I know, it could." On redirect, Smith agreed with the prosecutor that there is no way to test the wire Appellant stole to determine its copper

content because that wire is gone. Smith again stated, however, that all the wire on his property is one hundred percent copper. On recross examination, counsel again asked Smith "what percentage it was," and Smith replied, "I told you I didn't know. But I'm sure it's --" Apparently, counsel cut him off to ask, "You think it might be, but you don't know?" Smith replied that he really did not know. On redirect, the prosecutor asked Smith if he knew for sure the "percentage copper" of the wire in the trunk. Smith said he did not know.

When he was recalled by the State later in the trial, Smith explained that if a wire is less than fifty percent copper, it is called copper coated, and if it is more than fifty percent copper, it is copper. Smith stated that the rolls on his property are copper and, at the time he purchased the wire he had at his home, it indicated on it that it was copper. Smith reiterated that the wire in Appellant's trunk belonged to Smith. On recross, Smith explained that earlier, when counsel asked about the percentage, he did not know and was guessing about the copper content of the wire in the trunk. So over the lunch break he contacted a company that sells copper wire and found out. At that point, he was able to say what was in the trunk because he knows what type of wire he had. He also explained that he did not see a tag on the wire in Appellant's trunk indicating what copper percentage those spools were.

In an attempt to be completely truthful, Smith, who did not have the opportunity to inspect the wire in Appellant's trunk, and did not see a label or tag on it, testified that he did not "know" the copper content of that wire. When he was recalled to the stand, Smith was no longer uncertain. Smith also stated several different times during his testimony, on direct and cross examination, that the only kind of wire he had on his property was copper wire. He phrased it in various ways: "copper wire," "solid copper," "100% copper," and "not copper coated." He never wavered on this point. To the extent Smith's testimony was conflicting, the jury was entitled to resolve those conflicts. *See Clayton*, 235 S.W.3d at 778. Even though Smith said he did not know how much copper was in the wire in Appellant's trunk, there was evidence that the only type of wire Smith had at his home was one hundred percent copper. Therefore, the jury was rationally justified in inferring that Appellant necessarily stole wire that was one hundred percent copper. *See id*. The evidence is legally sufficient to support the conviction. *See Jackson*, 443 U.S. at 319. We overrule Appellant's first issue.

**LESSER INCLUDED OFFENSE INSTRUCTION**

In his second issue, Appellant asserts that the trial court erred by denying his request for a jury instruction on the lesser included offense of theft. He argues that, in order to prove its indictment, the State had to prove all of the elements of simple theft and one additional jurisdictional element that the item stolen was wire consisting of at least fifty percent copper. He further argues that, based on Smith's testimony that he did not know if the stolen wire was greater than fifty percent copper, the record contains evidence that supports a finding that Appellant was guilty of only simple theft. He asserts that he was harmed because the punishment range for simple theft is much lower than the punishment range for theft of copper.

**Applicable Law**

An offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (Vernon 2006). A defendant is entitled to a lesser included offense instruction in the jury charge if (1) the requested charge is a lesser included offense of the offense charged; and (2) there is some evidence that would permit a rational jury to find that if the defendant is guilty, he is guilty only of the lesser offense. *Feldman v. State*, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002) (op. on reh'g). In making our determination, we evaluate the evidence in the context of the entire record. *Hall v. State*, 158 S.W.3d 470, 473 (Tex. Crim. App. 2005). However, the appellate court does not consider whether the evidence is credible, controverted, or in conflict with other evidence. *Id*. Regardless of its strength or weakness, if any evidence raises the issue that the defendant is guilty only of the lesser offense, the charge must be given. *Saunders v. State*, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992) (en banc, per curiam).

Except in certain circumstances, a theft offense is a Class A misdemeanor if the value of the property stolen is $500.00 or more but less than $1,500.00. TEX. PENAL CODE ANN. § 31.03(e)(3) (Vernon Supp. 2010). The offense is a state jail offense if the property stolen is wire or cable that is valued at less than $20,000.00 and consists of at least fifty percent copper. TEX. PENAL CODE ANN. § 31.03(e)(4)(F). Thus, the copper content is not an element of the offense; rather, just as property value does, copper content determines the penalty grade. *See Campbell v. State*, 5 S.W.3d 693, 699 (Tex. Crim. App. 1999) (en banc).[1]

---

[1] Strictly speaking, theft of copper wire is a theft under Section 31.03(a),(b)(1). We have found no cases involving a conviction for theft of copper wire and a complaint that the trial court erred in failing to include a lesser included offense instruction on a theft carrying a lighter penalty. We note, however, that other courts treat theft offenses carrying a lesser penalty as lesser included offenses of theft offenses carrying a greater penalty. *See*

## Discussion

Smith's testimony that Appellant stole wire valued at $1,200.00, without proving that the wire was at least fifty percent copper, would be sufficient to establish Class A misdemeanor theft. Thus, the first prong of our inquiry is satisfied. *See Feldman*, 71 S.W.3d at 750. Regarding the second prong, the question is whether there is any evidence that, if believed, would indicate that the wire was something less than fifty percent copper. Smith testified that he did not know the percentage of copper in the wire in Appellant's trunk, and he said that for all he knew, it could be forty nine percent copper. To say that one does not know the percentage of copper in the wire is not the same as saying it was less than fifty percent copper. Smith's testimony is not evidence that the wire Appellant stole was not copper wire. Furthermore, Smith also testified that all the wire on his property was one hundred percent copper. Thus, there is no evidence in the record that the wire was not at least fifty percent copper. Therefore, there is no evidence that would permit a jury rationally to find that if Appellant is guilty, he is guilty only of Class A misdemeanor theft. *See id*. We overrule Appellant's second issue.

## DISPOSITION

We *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered April 20, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

*Franklin v. State*, 219 S.W.3d 92, 96 (Tex. App.–Houston [1st Dist.] 2006, no pet.); *Martinez v. State*, 171 S.W.3d 422, 427-28 (Tex. App.–Houston [14th Dist.] 2005, no pet.).