In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-12-00576-CR
_____

## JOHN PATRICK PATTERSON,
## A/K/A CHARLES EMERSON BELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 12-13947**

## MEMORANDUM OPINION

After being convicted by a jury of theft—enhanced with two prior felony offenses—John Patrick Patterson was sentenced to fifteen years in prison. *See* Tex. Penal Code Ann. § 31.03(e)(4)(F) (West Supp. 2013) (providing that the theft of certain metals valued at under $20,000 is a state jail felony); *see also id.* § 12.425 (West Supp. 2013) (enhancing punishment for state jail felonies to the punishment range that applies to a second degree felony when the defendant has committed at

1

least two prior offenses). In three issues, Patterson complains the trial court erred by refusing to instruct the jury regarding three other offenses—misdemeanor theft, attempted theft, and criminal trespass—that are, according to Patterson, lesser-included offenses to stealing copper worth less than $20,000. *See id.* § 31.03(e)(4)(F) (defining elements of the offense for the theft of certain metals, including copper). Because the trial court properly refused the defendant's requested instructions, we affirm Patterson's conviction.

## Background

Around 2:00 a.m., Officer Reagan Bray, a Port Arthur policeman, was dispatched to a service center owned by Entergy. The service center is inside a chain-link fence, topped with barbed wire. After Officer Bray entered the premises, he saw Patterson climbing down from a bucket truck with a roll of wire in his hands. Officer Bray also noticed another roll of wire on the ground near the bucket truck. After Patterson reached the ground, he put the roll of wire down and then began to walk off. When Officer Bray commanded Patterson to stop, he did; after that, Officer Bray handcuffed Patterson and took him to jail.

During the presentation of the State's case, the State called a utility foreman who had been employed by Entergy for 33 years. The foreman went to the service center after being notified a breach of security had occurred there. After arriving

2

and talking to Officer Bray, the foreman confirmed that Patterson did not have permission to be on Entergy's premises. The foreman also explained that he noticed two coils of wire near Entergy's bucket truck, one of which he described as 4 aught insulated copper that he estimated weighed 35 pounds, and another that was 1 aught copper that weighed around 25 pounds. On cross-examination, the foreman testified that he looked at the wire and knew it was copper because "I've worked with it for 33 years." Entergy's foreman agreed that he had not tested the wire to confirm that it was copper. On re-direct, the foreman explained that all of the wire that looked like the coils Patterson was accused of stealing consisted of copper wire.

The State's evidence also addressed the value of the copper Patterson had taken. A corporate security manager who was in charge of Entergy's security testified that the two rolls of copper were worth approximately $261.00. The manager admitted that he had not seen the wire rolls, and that his estimate was based on information given to him.

Given the copper content of the wire and its value, Patterson was charged with the state jail felony of stealing copper. Tex. Penal Code Ann. § 31.03(e)(4)(F).

3

After the State rested, Patterson asked the trial court to instruct the jury regarding the three lesser-included offenses at issue. *See id.* § 15.01 (West 2011) (criminal attempt), § 30.05 (West Supp. 2013)[1] (criminal trespass), § 31.03(e)(2) (West Supp. 2013) (misdemeanor theft (Class B)). The jury found Patterson guilty of felony theft of copper. Subsequently, the trial court conducted a punishment hearing and sentenced Patterson to fifteen years' imprisonment. *See id.* § 12.425.[2] In three issues, Patterson argues that the trial court committed reversible error by failing to instruct the jury regarding misdemeanor theft (Class B), attempted theft, and criminal trespass, which he contends are all lesser-included offenses with respect to the crime of theft. In response, the State advances two arguments. Regarding the crime of theft, the State argues there was no evidence introduced

---

[1]Although the Legislature amended the criminal trespass statute after the date Patterson committed his offense, there were no changes in the section pertinent to his appeal. Therefore, we cite the current version.

[2]The final judgment contains the notation "N/A" regarding the two enhancement paragraphs of Patterson's indictment. Assuming the reference was intended to indicate "not applicable," the references appear to be clerical errors. During Patterson's sentencing hearing, the record shows that he pled "true" to both enhancements, and that the trial court pronounced him guilty regarding them. Additionally, the length of Patterson's sentence, fifteen years, reflects a sentence consistent with the positive findings on the enhancement paragraphs in the indictment alleging that Patterson had been previously convicted of two felonies. *See* Tex. Penal Code Ann. § 12.425 (West Supp. 2013) (enhancing punishment for committing a state jail felony to the punishment range that applies to a second degree felony for a defendant who has committed at least two prior felonies).

during Patterson's trial allowing the jury to rationally find that if Patterson was guilty, he committed only the crime of misdemeanor theft (Class B), or only the crime of attempted theft. Regarding the crime of criminal trespass, the State argues that criminal trespass is not a lesser-included offense to the crime of theft.

Standard of Review

Determining whether a charge should include instructions on a lesser-included offense is a two-part analysis. *See Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Goad v. State*, 354 S.W.3d 443, 446 (Tex. Crim. App. 2011). First, we apply the criteria in article 37.09 of the Texas Code of Criminal Procedure to determine whether an offense qualifies as a lesser-included offense. *Moore v. State*, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998); *see also* Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006) (listing four elements to consider in determining whether an offense is a lesser-included offense of another crime). "To determine whether an offense qualifies as a lesser-included offense under this statute, we use the cognate-pleadings approach." *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013). The second step of the analysis requires courts to "consider whether a rational jury could find that, if the defendant is guilty, he is guilty only of the lesser offense." *Id*. at 163.

5

All of the evidence presented at trial is reviewed in determining what conclusions a jury could have rationally reached from the evidence presented to it in a trial. *See Goad*, 354 S.W.3d at 446. In our review, and in analyzing whether the evidence raised an issue on a lesser-included offense that the trial court should have allowed the jury to consider in reaching its verdict, the credibility of the evidence presented, whether the evidence was controverted, or whether the evidence conflicted with other evidence introduced during the trial is not considered. *Id.* at 446-47.

Nevertheless, the jury's right to disbelieve crucial evidence addressing the primary offense is alone not sufficient to require the trial court to submit an issue to the jury on a claimed lesser-included offense. *Skinner v. State*, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997). Rather, to require an instruction on the lesser-included offense, the evidence before the jury must contain some evidence that is directly germane to the lesser-included offense. *See Goad*, 354 S.W.3d at 446 (citing *Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003)). In other words, the record before the jury must contain some evidence that would allow a rational jury to have acquitted Patterson on the greater offense while convicting him of the lesser-included offense. *See Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005). The Court of Criminal Appeals has explained that "it is not

enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to a lesser included offense for the factfinder to consider before an instruction on a lesser included offense is warranted." *Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). However, if there is more than a scintilla of evidence sufficient to make the lesser-included offense a valid, rational alternative to the charged offense, the trial court must provide the jury with an instruction on the lesser-included offense. *Goad*, 354 S.W.3d at 446.

Misdemeanor Theft

The State does not dispute Patterson's claim that under article 37.09, misdemeanor theft is a lesser-included offense of theft. Therefore, with respect to misdemeanor theft, the first step of the analysis is undisputed. *See Choice v. State*, 351 S.W.3d 77, 80-81 (Tex. App.—Tyler 2011, pet. ref'd) (treating misdemeanor theft (Class A), a crime under section 31.03(e) of the Penal Code, as a lesser-included offense to the amended section 31.03(e)(4)(F) of the Penal Code). Instead, the State contends the evidence is not sufficient to make the lesser-included offense of misdemeanor theft a valid, rational alternative to the greater offense of stealing copper.

7

To resolve Patterson's first issue, we must determine whether the evidence before the jury would have allowed the jury to rationally determine that Patterson was guilty of committing misdemeanor theft by "more than mere speculation—it requires affirmative evidence that both raises the lesser-included offense and rebuts or negates an element of the greater offense." *Cavazos v. State*, 382 S.W.3d 377, 385 (Tex. Crim. App. 2012). Here, the evidence before the jury was that Patterson was observed removing a roll of wire, identified by an Entergy foreman as copper wire, from a bucket truck. There was also evidence that bucket trucks are stocked with wire, and there was evidence that another roll of wire, which Entergy's foreman also identified as being copper wire, was observed on the ground near the roll that Patterson dropped after Officer Bray saw him descending from Entergy's bucket truck. There was no testimony during the trial that either of the rolls contained wire that consisted of another type of metal. While Patterson questioned Entergy's foreman regarding whether the wire on the rolls was made of copper, he offered no evidence that the rolls of wire consisted of a type of metal inconsistent with a violation of section 31.03(e)(4)(F). In closing argument, Patterson's counsel suggested that the State could have, but did not, have the wire tested by a metallurgist, and he concluded that the State's evidence failed to demonstrate that the wire on the rolls was made of copper beyond reasonable doubt.

The only evidence offered at trial showed that the wire on the rolls at issue contained copper. There was no affirmative evidence to the contrary. On this record, we conclude that no rational jury could have decided that the wire was not copper. *See id.* at 385-86; *Choice*, 351 S.W.3d at 81. We overrule Patterson's first issue.

## Attempted Theft

In his second issue, Patterson contends that because "[n]othing in the record demonstrates he actually took anything[,]" the trial court should have instructed the jury regarding the crime of attempted theft. We disagree that there was any evidence to support an instruction regarding attempted theft.

A person commits criminal attempt if, "with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Tex. Penal Code Ann. § 15.01(a). A person commits the offense of theft if he "unlawfully appropriates property with intent to deprive the owner of property." *Id.* § 31.03(a) (West Supp. 2013). "'Appropriate'" means "to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or [] to acquire or otherwise exercise control over property other than real property." *Id.* § 31.01(4) (West Supp. 2013). The act of carrying away or removing

9

property is not an element of statutory theft. *Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.).

When Officer Bray saw Patterson with the roll of wire in his hand, Patterson was exercising control over it. *See* Tex. Penal Code Ann. § 31.01(4)(B). Based on the testimony in this case showing that Patterson did not have permission to be present on Entergy's property, the State was not required to show that Patterson removed the wire rolls from Entergy's property to prove that Patterson was exercising control over property that he did not own. *See id.* §§ 15.01, 31.01(4)(B), 31.03(a); *Hawkins*, 214 S.W.3d at 670. On this record, there was no evidence showing that Patterson had not appropriated Entergy's property, and no evidence showing that Patterson, in taking the wire, did not intend to steal it. Therefore, no rational jury on the evidence presented in Patterson's trial could have found that Patterson was only guilty of attempting to steal the copper wire.

Patterson argues that it is "plausible that he could have decided not to take the item had he not been stopped." However, Patterson did not testify that he changed his mind about taking the wire. Additionally, "renunciation is a defense to a preparatory offense and the actor must have voluntarily and completely avoided commission of the offense[;]" "renunciation is not voluntary if it is motivated in whole or in part by circumstances 'that increase the probability of detection or

apprehension.'" *Hawkins*, 214 S.W.3d 671; *see* Tex. Penal Code Ann. § 15.04(a), (c)(1) (West 2011). Under the circumstances presented in the record, Patterson's decision to drop the roll of wire after being detected does not support his claim of renunciation.

Having carefully reviewed all of the evidence, we conclude that no evidence shows that if Patterson was guilty, he was only guilty of attempted theft. *See Meru*, 414 S.W.3d at 162-63. We overrule Patterson's second issue.

Criminal Trespass

In his third issue, Patterson argues that he was entitled to an instruction on the lesser-included offense of criminal trespass. The State contends that in considering the language in Patterson's indictment, criminal trespass does not qualify as a lesser-included offense under article 37.09 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 37.09(1); *Moore*, 969 S.W.2d at 8.

We use the cognate-pleadings approach to determine whether an offense qualifies as a lesser-included offense under article 37.09(1). *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g). *Watson* instructs that an offense qualifies as a lesser-included offense if the indictment for the greater offense either:

11

> 1) alleges all of the elements of the lesser-included offense, or 2) alleges elements plus facts (including descriptive averments, such as non-statutory manner and means, that are alleged for purposes of providing notice) from which all of the elements of the lesser-included offense may be deduced. Both statutory elements and any descriptive averments alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense. If a descriptive averment in the indictment for the greater offense is identical to an element of the lesser offense, or if an element of the lesser offense may be deduced from a descriptive averment in the indictment for the greater-inclusive offense, this should be factored into the lesser-included-offense analysis in asking whether all of the elements of the lesser offense are contained within the allegations of the greater offense.

*Id.* "[T]he elements of the lesser-included offense do not have to be pleaded in the indictment if they can be deduced from facts alleged in the indictment." *Meru*, 414 S.W.3d at 162. Rather, the functional-equivalence concept is utilized in examining the elements of the lesser offense to decide whether they are "'functionally the same or less than those required to prove the charged offense.'" *Id.* (quoting *McKithan v. State*, 324 S.W.3d 582, 588 (Tex. Crim. App. 2010)).

A person commits criminal trespass if he "enters or remains on or in property of another . . . without effective consent and the person . . . had notice that the entry was forbidden[.]" Tex. Penal Code Ann. § 30.05(a)(1). Notice includes fencing designed to exclude intruders. *Id.* § 30.05(b)(2)(B).

The statutory elements of theft of copper under Texas Penal Code section 31.03(e)(4)(F)(iii), as alleged in Patterson's indictment, are

12

(1) Patterson
(2) unlawfully appropriated copper wire
(3) valued at less than $20,000
(4) with intent to deprive the owner
(5) without the owner's effective consent.

Based on the allegations in Patterson's indictment, Patterson was not indicted for criminal trespass and the two offenses do not share the same elements. While the State proved that Patterson entered Entergy's fenced property without its consent at trial, the facts that relate to a claim of trespass are not among those alleged in Patterson's indictment.

Based on Patterson's indictment, under the cognate-pleadings approach, and using the functional-equivalence concept, we conclude that criminal trespass is not a lesser-included offense of theft. *See McKithan*, 324 S.W.3d at 588; *Watson*, 306 S.W.3d at 273. Because the trial court properly refused Patterson's request to instruct the jury on the lesser-included offense of criminal trespass, we overrule Patterson's third issue.

## Disposition

Having overruled all of Patterson's issues, we affirm the trial court's judgment.

AFFIRMED.

13

_____
HOLLIS HORTON
Justice

Submitted on December 2, 2013
Opinion Delivered April 30, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.