**Affirmed in Part as Modified, Reversed in Part, Remanded, and Opinion filed May 2, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00336-CR

---

### AARON LASHLEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1321742**

---

### O P I N I O N

A jury convicted appellant Aaron Lashley of engaging in organized criminal activity and assessed punishment, enhanced by a prior felony conviction, at three-and-a-half years' imprisonment. In his sole issue on appeal, appellant contends the evidence is legally insufficient to support the verdict. We modify the trial court's judgment to show conviction for a lesser included offense, affirm the conviction as modified, reverse the imposition of sentence, and remand for a new punishment

hearing.

*Background*

According to their testimony at trial, Pasadena Police Officers Eric Hudson, Rigo Saldivar, and Robert Barrionuevo responded to a call at 8:43 a.m. on September 28, 2011 reporting three individuals jumping over a fence into an abandoned apartment complex. The 9-1-1 call reported one individual carrying a blue bag. The officers testified that they set up a perimeter and performed surveillance of the property after receiving the call.

The owner of the property, Nasser Oshkoohi, testified that the complex had been "plagued" with a series of break-ins by thieves targeting copper piping and wiring in the vacant units and he had requested police assistance in monitoring the property. On the day in question, Oshkoohi, having noticed a new cut in the external fence and unaware of the police presence, entered the complex to investigate at least two hours into the police surveillance effort. After entering the property, Oshkoohi saw a trespasser carrying copper pipe and, fearing for his own safety, left the premises and encountered the police as he was leaving. Oshkoohi was unable to positively identify the trespasser at trial. Officer Saldivar testified that, following the encounter with Oshkoohi, he observed three men leave the property by jumping over the fence at its northeast corner. He identified the men at trial as appellant and two other suspects named Dwigans and Bryant and testified that no one was carrying a bag when the group exited the property.

Police apprehended the three suspects as they left the scene by car. Officer Saldivar testified that a search of the car led to the discovery of a pair of bolt cutters and a black bag in the trunk of the vehicle. Appellant testified that he was homeless at the time, he was living in the borrowed car, and the bolt cutters did not belong to him. Neither copper nor any evidence of drugs was found in the vehicle

2

or on the suspects.

Officer Barrionuevo testified that Dwigans volunteered to cooperate. Dwigans informed the police that all three individuals were involved in the theft and had entered the property with the express purpose of stealing copper. According to Officer Saldivar's testimony, Dwigans identified a blue bag found on the property containing a bundle of copper and a number of tools, saw blades, and battery packs as belonging to "them," which the officer understood to be the group of three suspects. During a tour of the property, Dwigans pointed out specific apartment units the group had entered, places where the group had removed copper wiring and piping, and points where the group had dropped copper on the ground. The officers testified that they found two additional bundles of cut copper piping wrapped with wiring on the property. Officer Barrionuevo testified that the recovered copper had ragged edges consistent with being sawn off.

Dwigans later pleaded guilty to a charge of engaging in organized criminal activity. At appellant's trial, however, Dwigans testified on appellant's behalf. Dwigans repudiated Officer Barrionuevo's testimony and claimed sole responsibility for the theft, denying having informed the police that all three had been involved in stripping copper. He additionally testified that a video was made at the scene in which he alone took responsibility for the crime, claiming that he found two bundles of copper already tied up and denying the other suspects' involvement in the theft. Officer Hudson testified that a camera capable of video recording was used at the scene but only to take still-frame shots of the damage and points of removal.

Dwigans offered the alternative explanation that the group entered the complex to smoke marijuana and listen to music on a laptop stored inside the black bag when he alone discovered the copper. He further denied ever having seen the

3

blue bag.  Appellant testified that he had no knowledge of the theft.  The jury found appellant guilty of engaging in organized criminal activity and assessed punishment at three-and-a-half years' imprisonment.  As will be discussed below, the jury charge also included instructions and a question regarding theft as a lesser included offense.

*Standards of Review*

The legal-sufficiency standard is the only standard a reviewing court should apply in determining whether the evidence is sufficient to support a guilty verdict. *Brooks v. State*, 323 S.W.3d. 893, 912 (Tex. Crim. App. 2010).  The critical inquiry is, in viewing the evidence in the light most favorable to the prosecution after a verdict of guilt, whether *any* rational jury could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks*, 323 S.W.3d at 912 (holding that all Texas criminal cases are only to be reviewed under the standard announced in *Jackson*).

Each fact does not need to directly and independently point to the guilt of the appellant as long as the cumulative force of all the incriminating circumstances is ultimately sufficient to support the conviction.  *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  Circumstantial evidence is equally as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to support a conviction.  *Id*.

When performing a legal sufficiency review, courts may not reevaluate the weight and credibility of the evidence and substitute their own judgment for that of the jury.  *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012); *see also Isassi v. State,* 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) ("[O]ur role is not to become a thirteenth juror.").  When faced with a record supporting contradictory inferences, we presume the jury resolved conflicts in favor of the

4

verdict. *Montgomery*, 369 S.W.3d at 192.

*Continuous Course of Criminal Activity*

Among the arguments he makes in his sole issue, appellant contends that the evidence is legally insufficient to establish that he intended to participate in a continuous course of criminal activity, which is a necessary element to sustain a conviction under the organized criminal activity statute. Because the evidence, at most, demonstrates appellant intended to participate in a single criminal episode, we agree the evidence was insufficient to sustain a conviction for organized criminal activity.

A defendant commits the offense of engaging in organized criminal activity if, with the intent to establish, maintain, or participate in a combination, he commits or conspires to commit one or more of the enumerated offenses, including theft. Tex. Penal Code § 71.02 (a)(1).[1] Section 71.01(a) defines a "combination" as three or more persons who collaborate in carrying on criminal activities. *Id.* § 71.01(a). The Court of Criminal Appeals has construed this language as requiring a "continuing course of criminal activities." *Nguyen v. State*, 1 S.W.3d 694, 697 (Tex. Crim. App. 1999). It involves more than the intent to merely commit an enumerated offense, a plan to commit a single act, or proof of working jointly to commit a crime—it requires proof of continuity. *Hart v. State*, 89 S.W.3d 61, 63-64 (Tex. Crim. App. 2002); *Nguyen*, 1 S.W.3d at 696-97. The activities do not have to individually be criminal offenses to satisfy the statutory requirement, and a

---

[1] "Conspires to commit" means that a person agrees with one or more other people that one or more of them will engage in conduct that would constitute the offense and one or more of them perform an overt act in pursuance of the agreement. Tex. Penal Code § 71.01(b). An agreement constituting "conspiring to commit" may be inferred from the acts of the parties. *Id.* To prove participation in the agreement, the State must prove the defendant had an intent to participate in a criminal combination and that the defendant performed some overt act, not necessarily criminal, in furtherance of the agreement. *Nwosoucha v. State*, 325 S.W.3d 816, 831 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

single criminal offense can be sufficient. *Nguyen*, 1 S.W.3d at 697; *see also Dowdley v. State*, 11 S.W.3d 233, 236 (Tex. Crim. App. 2000) (continuous activities after a shooting included fleeing, re-grouping, discussing a plan of action, and traveling to another country with stolen goods). However, the statute requires proof of intended continuity, i.e., that "the appellant intended to 'establish, maintain, or participate in' a group of three or more, in which the members intend to work together in a continuing course of criminal activities." *Nguyen*, 1 S.W.3d at 697.

In *Nguyen*, a brief confrontation at a restaurant with another patron led to the defendant and his cohorts being asked to leave, agreeing amongst themselves to return to fight, retrieving a gun, returning, and killing the victim. *Id.* at 695. The Court of Criminal Appeals affirmed the Austin Court of Appeals' reversal of the defendant's conviction for engaging in organized criminal activity, holding that the language of the statute concerning continuous criminal activity required a continuity of ongoing activities that went beyond a single, *ad hoc* effort. *Id*. at 697.

The State contends here that the evidence is legally sufficient to establish that appellant possessed the requisite intent to engage in a continuous course of criminal activity because the alleged combination committed multiple criminal violations while on the apartment property and such acts permitted the jury to infer such an intention. The gist of the State's argument is that because multiple structures within the apartment complex were entered during the commission of felony theft, multiple burglaries occurred.

There remains some question as to whether burglarizing multiple structures on the same unoccupied apartment complex property would constitute multiple

burglaries.[2]  However, evidence that multiple criminal violations occurred is not alone sufficient to establish an intent to engage in a continuous course of criminal activity as required under Section 71.01(a) when all of the alleged violations occurred during a single criminal episode.  *See Arredondo v. State*, 270 S.W.3d 676 (Tex. App.—Eastland 2008, no pet.) (holding proof of numerous crimes at a party alone was not sufficient to demonstrate the crimes were more than a one-time event or episode); *Ross v. State*, 9 S.W.3d 878 (Tex. App.—Austin 2000, pet. ref'd) (holding evidence of a series of assaults alone was not sufficient to show an intent to engage in a continuing course of criminal activity beyond a single criminal episode); *Munoz v. State*, 29 S.W.3d 205 (Tex. App.—Amarillo 2000, no pet.) (holding proof of multiple criminal violations alone was not sufficient to show that group's criminal activity would endure beyond achievement of single goal).

To satisfy the continuity element as set forth in *Nguyen*, the State must offer evidence to prove that a defendant intended to participate in a continuing course of criminal activity.  *E.g., Ross*, 9 S.W.3d at 882.[3]  The combination's members must be more than temporarily organized to engage in a single criminal episode.  *See*

---

[2] There seem to be no cases directly on point addressing whether each entry into separately enclosed structures on the grounds of an empty apartment complex constitutes multiple burglaries for purposes of prosecution.  There is some authority that could be interpreted as supporting the State's contention.  *See Byrd v. State*, 336 S.W.3d 242, 251 (Tex. Crim. App. 2011) ("The gravamen of the offense normally dictates the number of allowable units of prosecution."); *Davis v. State*, 313 S.W.3d 317, 342 (Tex. Crim. App. 2010) ("The gravamen of a burglary is the entry . . . ."); *Ex parte Cavazos*, 203 S.W.3d 333, 337 (Tex. Crim. App. 2006) (holding the allowable unit of prosecution of burglary is the unlawful entry, not the separate or individual complainant); *St. Julian v. State*, 874 S.W.2d 669, 670 (Tex. Crim. App. 1994) (acknowledging an apartment complex is a building for purposes of the burglary statute).

[3] The *Ross* court provided a particularly relevant example in its analysis, noting that if, for example, several people joined together to commit a burglary one night, then commited another burglary a week later, an inference of continuity extending beyond the criminal episodes themselves might be raised.  9 S.W.3d at 822.

*Munoz,* 29 S.W.3d at 208-09. There must be proof of an intent to participate in a criminal combination that extends beyond a single criminal episode, *ad hoc* effort, or goal, regardless of whether multiple laws were broken within the confines of that episode or effort. *See Arredondo*, 270 S.W.3d at 682-83. Evidence of multiple criminal violations alone does not permit the inference that the members of the group intended to continue working together beyond the completion of an episode or achievement of a goal. *See Munoz*, 29 S.W.3d at 210. Evidence must be offered that allows a jury to infer that the group intended to continue engaging in illegality over a period of time. *Id*.[4]

Turning to the case before us, we agree with appellant's contention that the evidence is legally insufficient to sustain a guilty verdict for organized criminal activity. Even if we assume that each entrance into individual apartment structures on the property constituted a separate burglary, at most this would establish that multiple crimes were committed during the course of a single criminal episode. No evidence was offered from which a factfinder could infer an intent that the combination would perpetuate and engage in criminal activity beyond the conclusion of this single episode.

While the record contains some evidence that other thefts or burglaries have occurred in the past on the property, no evidence was presented linking appellant or the other suspects to these earlier acts. In short, no evidence in the record shows that the combination was more than temporarily organized to achieve a single

---

[4] There is no question that the combination's agreement cannot be merely to jointly commit one crime. *Nguyen*, 1. S.W.3d at 698 ("[T]he phrase 'collaborate in carrying on criminal activities' cannot be understood to include an agreement to jointly commit a single crime."). However, this does not mean that multiple criminal acts *must* be committed. A single criminal act is still sufficient to satisfy the statute as long as evidence is offered that can legally establish an intent to engage in an ongoing course of criminal activity beyond a single goal, effort, or episode. *Id*. The acts which prove this intent element do not have to individually be criminal offenses. *Id*.

criminal goal. *See Munoz,* 29 S.W.3d at 208-09.[5]

Taken in a light most favorable to the verdict, the evidence at most establishes a single goal, stealing copper from the apartment complex that day. Nothing in the record permits the inference that appellant intended to engage in a continuous course of criminal activity with the other suspects beyond the completion of the single criminal episode. We therefore reverse the conviction for organized criminal activity.

*Lesser Included Offense*

The State urges that even if the evidence before us is found legally insufficient to uphold a conviction for engaging in organized criminal activity, it remains sufficient to prove appellant's guilt of the lesser included offense of theft of copper valued under $20,000. We agree.

The Texas Rules of Appellate Procedure authorize a court of appeals to reform a judgment of conviction after a jury trial to reflect conviction for a lesser included offense if the court determines the evidence is insufficient to support a conviction for the greater offense. *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993); *Davis v. State,* 89 S.W.3d 725, 731 (Tex. App.—Corpus Christi 2002, no pet.).[6] Of course, the evidence that was insufficient to support the

---

[5] *Munoz* is analogous to the case before us. In *Munoz*, several individuals came together to consummate a particular illegal act, the sale of marijuana. 29 S.W.3d at 210. The *Munoz* Court found that multiple crimes had occurred, but evidence of such acts alone was legally insufficient because nothing suggested the group intended to continue working together in a continuous course of criminal activity beyond realizing the particular, single goal of selling marijuana. *Id*. In the case before us, even assuming that the combination committed multiple crimes, no evidence permits the inference that the combination intended to remain together and participate in a continuous course of criminal activity beyond the realization of the single goal of stealing copper on the day in question.

[6] On appeal, a reviewing court may reverse the trial court's judgment in whole or in part, render the judgment that the trial court should have rendered, and remand the case for further proceedings. Tex. R. App. P. 43.2(c), (d).

conviction for the greater charged offense must be legally sufficient to support conviction for the lesser included offense to permit a reformation of judgment. *Herrin v. State*, 125 S.W.3d 436, 444 (Tex. Crim. App. 2002).

As submitted in the indictment and the jury charge in this case, theft is a lesser included offense of engaging in organized criminal activity. *See Davis,* 89 S.W.3d at 732; *Smith v. State*, 36 S.W.3d 908, 910 (Tex. App—Houston [1st Dist.] 2001, pet. ref'd).[7]  The elements of engaging in organized criminal activity are: (1) a person (2) with intent to establish, maintain, or participate in a combination (3) commits or conspires to commit (4) an enumerated offense.  Tex. Pen. Code § 71.02(a)(1); *Adi v. State*, 94 S.W.3d 124, 128 (Tex. App.—Corpus Christi 2002, pet ref'd); *Mast v. State,* 8 S.W.3d 366, 369 (Tex. App.—El Paso 1999, no pet.). Regarding the third element, the indictment in this case contained the allegation that appellant participated in a criminal combination and *committed* the underlying offense of theft of copper with a value of less than $20,000.[8]  The indictment did not charge that appellant *conspired* to commit an underlying offense of theft as permitted by the statute.  Tex. Pen. Code § 71.02(a)(1).  Similarly, the jury charge instructed only on the commission element of the offense and not the conspiratorial element.[9]  Because the indictment alleged the commission of theft as the

---

[7] A lesser included offense is proper if it is established by proof of the same or less than all the facts required to establish the commission of the greater charged offense.  Tex. Code Crim. Proc. art. 37.09(1), (3).

[8] The indictment reads in part: "Aaron Lashley . . . did then and there unlawfully, with intent to establish, maintain and participate in a combination and in the profits of a combination . . . commit the offense of theft, namely, in that he did unlawfully intentionally and knowingly appropriate by acquiring and otherwise exercising control over property, namely, copper, of the value of less than twenty-thousand dollars . . . ."

[9] In the charge, the trial court instructed that "a person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, *he commits theft*." (emphasis added).  After describing the offense fully in the charge and defining what constitutes theft, the trial court instructed "unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, or you are unable to agree, you will

underlying offense for the organized criminal activity offense on which appellant was convicted, we are permitted on review, pending analysis, to modify and reform the judgment to the lesser included offense of theft of copper less than $20,000 in value.

Appellant was indicted, tried, and found guilty on the allegation that he did, in fact, *commit* the offense of theft as part of a criminal combination. If a lesser included offense on a charge is a proper lesser included offense, a finding of guilt as to the greater charged offense necessarily includes the finding that the evidence was sufficient to convict on the lesser included offense. *Shute v. State*, 877 S.W.2d 314, 315 (Tex. Crim. App. 1994); *Davis,* 89 S.W.3d at 732; *Watson v. State*, 923 S.W.2d 829, 832 (Tex. App.—Austin 1996, pet ref'd).

The charged offense of theft is committed if an individual unlawfully appropriates property with the intent to deprive the owner of that property without effective consent. Tex. Penal Code § 31.03(a), (b), (e)(4)(F)(iii). The Penal Code specifically provides that the offense of theft is a state jail felony if the property is copper valued under $20,000, regardless of a minimum value. *Id.* § 31.03(e)(4)(F)(iii); *Choice v. State*, 351 S.W.3d 77, 81 (Tex. App.—Tyler 2011, pet. ref'd).

Turning to the record, significant probative circumstantial evidence was presented at trial. Testimony established that a 9-1-1 call reported three men breaking into the apartment complex with one of them carrying a blue bag. Police

next consider whether the defendant is guilty of the lesser included offense of theft of property, namely, copper, of the value of less than twenty thousand dollars." The trial court then gave a law of the parties instruction and gave the jury an in-depth instruction on what was required to convict appellant of only theft, whether for his own actions or under the law of the parties. At the conclusion of the charge, the trial court instructed that if the evidence established guilt on either charge beyond a reasonable doubt, but a reasonable doubt existed as to which offense appellant was guilty of, the jury was required to resolve the doubt in defendant's favor and find him guilty of only the lesser included offense.

set up surveillance and saw no one else enter or leave the apartment complex in the two to three hours before the owner of the complex, unaware of the officers' presence, arrived. The owner encountered a trespasser carrying copper pipe and later testified that he had been on the property the previous day and the piping had not been removed. The group, which included appellant, was observed by police leaping over a fence immediately following the encounter with the owner.

A blue bag containing stolen copper and power tools was found on the scene. Officer Barrionuevo testified that Dwigans told him that the bag and tools, commonly used to cut through metal, belonged to "them" and that the group, including appellant, had trespassed on the property with the intent to steal copper. Another officer testified that the copper piping had edges consistent with being cut using power tools. The owner of the property further testified that he did not have the piping cut out, that no member of the group had permission to be on his property, and that no member of the group had permission to remove the copper.

Appellant was not directly observed removing copper piping or wiring; however, circumstantial evidence is equally as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *See Hooper*, 214 S.W.3d at 13. Furthermore, despite the repudiation by Dwigans at trial, the jury was free to believe the police officer concerning the admissions by Dwigans implicating appellant. We assume that the jury resolved this conflict in testimony in favor of the verdict. *See Montgomery*, 369 S.W.3d at 192.

Appellant challenges Officer Barrionuevo's testimony concerning Dwigans' admissions by arguing that Article 38.14 of the Texas Code of Criminal Procedure requires that the testimony of an accomplice be corroborated by other evidence tending to connect the defendant with the offense committed. As the State

12

correctly points out, Article 38.14 does not require an accomplice's out-of-court statements to be corroborated. *Bingham v. State*, 913 S.W.2d 208, 210-12 (Tex. Crim. App. 1995); *Hammond v. State*, 942 S.W.2d 703, 707 (Tex. App.—Houston [14th Dist.] 1997, no pet.). In any event, the Texas Court of Criminal Appeals has held that proof that the accused was at or near the scene of the crime at or about the time of the crime's commission, when coupled with other suspicious circumstances, may provide sufficient corroboration of accomplice testimony. *Smith v. State*, 332 S.W.3d 425, 443 (Tex. Crim. App. 2011). In short, the cumulative force of the evidence was sufficient to convict appellant for unlawfully appropriating copper with intent to deprive the owner of that property without effective consent.

## *Conclusion*

The evidence was legally insufficient to support appellant's conviction for engaging in organized criminal activity; however, the evidence was sufficient to support conviction for the lesser included offense of theft. Accordingly, we modify the trial court's judgment to show conviction for the lesser included offense of theft of copper valued under $20,000, affirm the conviction as modified, reverse the imposition of sentence, and remand for a new punishment hearing.


/s/           Martha Hill Jamison
                        Justice


Panel consists of Justices Christopher, Jamison, and McCally.


Publish - Tex. R. App. P. 47.2(b).