**Affirmed and Memorandum Opinion filed January 7, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00840-CR

### PABLO MALDONADO DEHOYOS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 461st District Court
Brazoria County, Texas
Trial Court Cause No. 84155-CR**

## M E M O R A N D U M   O P I N I O N

Appellant Pablo Maldonado Dehoyos challenges the legal sufficiency of the evidence supporting his convictions for aggravated sexual assault of a child (three counts) and sexual assault of a child (one count). After careful review of the record, we conclude the evidence is sufficient to support the jury's findings of guilt on all four counts, and we affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. *See* Tex. R. App. P. 47.4.

## Background

A Brazoria County grand jury indicted appellant on three counts of aggravated sexual assault of a child and one count of sexual assault of a child. Specifically, the State alleged in counts one through three that appellant committed aggravated sexual assault by:

- intentionally or knowingly causing the sexual organ of the complainant, a child younger than fourteen years of age and not appellant's spouse, to contact appellant's sexual organ [count one];

- intentionally or knowingly causing the mouth of the complainant, a child younger than fourteen years of age and not appellant's spouse, to contact appellant's sexual organ [count two]; and

- intentionally or knowingly causing the sexual organ of the complainant, a child younger than fourteen years of age and not appellant's spouse, to contact appellant's mouth [count three].

The State alleged in count four that appellant committed one count of sexual assault of a child by intentionally or knowingly causing the sexual organ of the complainant, a child younger than seventeen years of age and not appellant's spouse, to contact appellant's sexual organ. The State alleged appellant committed the offenses against his granddaughter, Teresa,[1] a child younger than seventeen years of age[2] at all relevant times. Appellant pleaded not guilty to all counts, and the case proceeded to trial.

Teresa testified regarding her grandfather's sexual abuse. She testified that appellant began abusing her sexually when she was eight years old and both she and appellant lived in Las Vegas, Nevada. When she was eleven or twelve years old, Teresa and her immediate family moved to Angleton, Texas, and shortly thereafter to Rosharon, Texas. Appellant still lived in Las Vegas but visited

---

[1] Teresa is a pseudonym.

[2] Tex. Penal Code § 22.011(c)(1).

2

Teresa's family in Rosharon more than twice a year. Teresa testified that on Sundays during appellant's visits, the family would go to church and appellant "would rape me afterwards." It was the family's practice to enjoy a cookout after Sunday church. While family members went to buy meat, Teresa and appellant were alone at home when the sexual assaults would occur. On one such occasion, Teresa explained, appellant told her to go into her brother's room. As she sat on the bed, appellant entered the room and shut the door behind him. According to Teresa, appellant removed his clothes, lifted her dress, and had vaginal intercourse with her. After they had intercourse, appellant forced Teresa's head "down there," where appellant's penis touched her mouth. Teresa also testified that, on a separate occasion after the event she had just described, appellant "put his mouth on [her] vagina." Teresa indicated that she was fifteen when these events happened.

Teresa said that the Sunday incident where appellant had intercourse with her was not the only time "it happened in her brother's room." Teresa explained that appellant "had sex" with her in Texas "every time he visited" since she was eleven years old.

Returning to the subject of oral sex, the prosecutor asked how old she was the last time that appellant "put his penis in your mouth." Teresa said she was fifteen at that time, but that it also happened when she was in seventh or eighth grade. Further, Teresa described at least one occasion, also when she was in seventh or eighth grade, that appellant put his mouth on her vagina. Teresa's birthday was in April 2002, and she testified that she was thirteen years old in the seventh grade.

Teresa said there were occasions when appellant would give her something to drink, and she would feel "drowsy." She remembered that she would wake up and "be naked." Those events happened in her brother's room as well.

3

Appellant told Teresa that if she ever told anyone, her mom and grandma "would be hurt" and "were going to die because of what he did to me." Teresa believed appellant and was afraid of him.

When fifteen or sixteen years old, Teresa made an outcry to Nadine Saunders, a teacher at her high school. "Distraught," Teresa told Saunders that "her grandfather had been raping her since she was 8 years old." Saunders took Teresa to the school counselor, Ashley Burns. In Burns's office, Teresa said that her grandfather, appellant, "penetrated her, that she had oral sex with her grandfather, and that it happened multiple times in both Las Vegas and Texas."

Following Teresa's outcry, law enforcement officials in both Texas and Nevada began investigating. Detective Denise Huth with the Las Vegas Metropolitan Police Department testified that appellant voluntarily submitted to an interview, which was recorded and published to the jury. In the video, appellant admitted to two instances of sexual contact (between appellant's penis and Teresa's vagina and between appellant's penis and Teresa's mouth), but appellant said both times were initiated by Teresa and he was not aroused or could not become erect. Appellant did not provide dates for the instances but acknowledged both times occurred in Teresa's brother's room in Rosharon. Detective Huth also sponsored certified court documents reflecting appellant's guilty plea to charges filed against him in Nevada.[3]

The jury found appellant guilty of all four counts as alleged in the indictment. For counts one, two, and three, the jury assessed appellant's punishment at confinement for life in the Texas Department of Criminal Justice,

---

[3] Appellant was charged in Nevada with attempted lewdness with a child under the age of fourteen. Pursuant to the plea, he was sentenced to a term of confinement between twenty-four and sixty months.

Institutional Division; and for count four, the jury assessed punishment at confinement for a term of twenty years. The trial court signed a judgment in accordance with the jury's verdict, with the sentences to run consecutively.

Appellant timely appealed. He raises a single issue challenging the sufficiency of the evidence supporting the jury's guilty verdict on all four counts.

## Standard of Review

To assess the legal sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Lashley v. State*, 401 S.W.3d 738, 743 (Tex. App.—Houston [14th Dist.] 2013, no pet.). We may not substitute our judgment for that of the jury by reevaluating the weight and credibility of the evidence. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012); *see also Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We instead "give deference to 'the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Hooper*, 214 S.W.3d at 13 (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)).

The uncorroborated testimony of a child who was seventeen years of age or younger at the time of the offense is sufficient to support a conviction for aggravated sexual assault of a child. Tex. Code Crim. Proc. art. 38.07; *Ryder v. State*, 581 S.W.3d 439, 449 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Courts liberally construe the testimony of child sexual abuse victims. *Lee v. State*, 176 S.W.3d 452, 457 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006).

5

**Analysis**

## A.     Alleged offenses

The jury convicted appellant of three counts of aggravated sexual assault of a child and one count of sexual assault of a child, as alleged in the indictment.  As relevant here, a person commits the act of aggravated sexual assault of a child under the age of fourteen if the person intentionally or knowingly causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor, or causes the mouth of a child to contact the anus or sexual organ of another person, including the actor.  Tex. Penal Code § 22.021(a)(1)(B)(iii), (v), (2)(B).  The elements for sexual assault of a child are the same, except a person commits the offense if the child is under the age of seventeen (rather than fourteen, as for aggravated sexual assault of a child).  *Id.* § 22.011(a)(2)(A)-(E), (c)(1).  The State alleged, and the jury found, that appellant committed two separate offenses under Penal Code section 22.021(a)(1)(B)(iii), one offense under section 22.021(a)(1)(B)(v), and one offense under section 22.011(a)(2)(C).

## B.     Counts one and four

Count one and count four allege contact between Teresa's sexual organ and appellant's sexual organ, occurring when Teresa was younger than fourteen years old (count one) and occurring on a separate instance when Teresa was younger than seventeen years old (count four).  *See id.* §§ 22.021(a)(1)(B)(iii), 22.011(a)(2)(C).

Teresa testified that appellant had "sex" with her many times when he visited from Las Vegas, including when she was eleven, twelve, and fifteen years old.  Saunders testified that Teresa told her that appellant "had been raping her

6

since she was 8 years old" in both Las Vegas and Texas, continuing until Teresa was fifteen, and that Teresa meant "[h]ad sex" when she used the word rape. Teresa testified to a specific instance when appellant engaged in vaginal intercourse with her on a Sunday after church when she was fifteen, and that appellant had sex with her every time he visited—more than twice a year—since she moved to Texas at age eleven.

Under either statute in question as to counts one and four, sexual assault of a child occurs if a person intentionally or knowingly causes the sexual organ of a child to "contact" or "penetrate" the sexual organ of another person, including the actor. Teresa testified that penetration occurred between appellant's penis and her vagina. She did not use the word "contact." However, an allegation of "penetration" of the sexual organ overlaps with an allegation of "contact" of the sexual organ "because penetration of the genitals necessarily includes contact." *Vick v. State*, 991 S.W.2d 830, 834 n.2 (Tex. Crim. App. 1999). Accordingly, the evidence that appellant repeatedly engaged in sexual intercourse with Teresa supports a finding that appellant caused his sexual organ to contact hers on multiple occasions. *See* Tex. Penal Code §§ 22.021(a)(1)(B)(iii), 22.011(a)(2)(C).

Further, we can infer from appellant's conduct—including the repetition of the assaults, appellant's order to Teresa to go to her brother's room, appellant's action of lifting up Teresa's dress and removing his clothes before engaging in intercourse, appellant's acts of providing drinks to Teresa that made her drowsy after which she would wake up naked, and appellant's subsequent threat to harm Teresa's mother and grandmother if Teresa told anyone about the abuse—that appellant acted intentionally or knowingly. *See Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995) (stating a defendant's intent to commit sexual assault can be inferred from his acts and conduct); *Cortez v. State*, No. 14-17-00719-CR,

7

2019 WL 2479763, at *1 (Tex. App.—Houston [14th Dist.] June 13, 2019, pet. ref'd) (mem. op., not designated for publication) (same).

The State was also required to prove Teresa's age at the time of the assaults. For count one, the evidence must show that appellant sexually assaulted Teresa before her fourteenth birthday. *See* Tex. Penal Code § 22.021(a)(1)(B). For count four, the evidence must show that appellant sexually assaulted Teresa before her seventeenth birthday. *See id.* § 22.011(c)(1).

We conclude that Teresa's testimony that appellant had sex with her when she was eleven and twelve years old is sufficient to support a finding that appellant was guilty of the offense as alleged in count one. We further conclude that Teresa's testimony regarding the instance of sexual intercourse after church, which the jury could have found occurred when she was fifteen years old, is sufficient to support a finding that appellant was guilty of the offense as alleged in count four.

The evidence is sufficient to support the jury's finding of guilt for counts one and four.

### C. Counts two and three

Count two alleges contact between Teresa's mouth and appellant's penis, occurring when she was younger than fourteen years old. *See* Tex. Penal Code § 22.021(a)(1)(B)(v). Teresa testified that appellant "forced [her] head down" and put his penis on or in her mouth. She testified that this instance "was one of the last times he did it," and "the last time" was when she was fifteen years old. Teresa also said that it was not an isolated incident and that it happened before, when she was in the seventh or eighth grade. Teresa was thirteen years old during seventh grade.

8

Count three alleges contact between appellant's mouth and Teresa's vagina, occurring when she was younger than fourteen years old. *See id.* § 22.021(a)(1)(B)(iii). Teresa testified that appellant put his mouth on her vagina. She described at least one such instance that occurred when she was in the seventh or eighth grade.

The evidence supports a finding that appellant engaged in prohibited sexual contact by causing his penis to contact Teresa's mouth and by causing his mouth to contact Teresa's vagina. Further, we can infer from appellant's conduct, summarized above, that appellant acted intentionally or knowingly. *See Patrick*, 906 S.W.2d at 487; *Cortez*, 2019 WL 2479763, at *1. Finally, liberally construing Teresa's testimony, *see Lee*, 176 S.W.3d at 457, we conclude that the jury could have rationally credited her testimony that she was in the seventh grade, and thus thirteen years old, when appellant caused his penis to contact Teresa's mouth and when appellant caused his mouth to contact Teresa's vagina. *See Mackyeon v. State*, No. 01-11-00223-CR, 2012 WL 1249482, at *3 (Tex. App.—Houston [1st Dist.] Apr. 12, 2012, pet. ref'd) (mem. op., not designated for publication) ("Although V.V. gave inconsistent testimony regarding her age at the time of the second and third assaults, the jury could have rationally credited her testimony that she was thirteen when the second or third assault occurred."); *Guillory v. State*, No. 13-10-00545-CR, 2011 WL 4996465, at *3 (Tex. App.—Corpus Christi Oct. 20, 2011, pet. ref'd) (mem. op., not designated for publication) ("Although there was some conflicting evidence as to A.R.'s age at the time Guillory started having intercourse with her, the jury could have credited the portions of A.R.'s testimony that she was twelve or thirteen years old at the time of the initial assault, and we cannot conclude that the jury was irrational in doing so.").

Our determination that the jury could have rationally found that the assaults alleged in counts two and three occurred when Teresa was younger than fourteen years old is bolstered by Teresa's testimony that appellant sexually assaulted her every time he visited from Las Vegas. Shortly after Teresa testified that appellant vaginally penetrated her, forced her to put her mouth on his penis, and put his mouth on her vagina, she also testified "[i]t happened every -- it happened all the -- like, ever since I moved down here." The jury could have rationally inferred that "it," which Teresa used in response to the prosecutor's question of when appellant "[had] sex" with Teresa, referred to all sexual acts Teresa described and that these sexual assaults occurred repeatedly from the time Teresa moved to Texas when she was eleven or twelve years old. *See Hurst v. State*, No. 07-05-00457-CR, 2007 WL 1671730, at *1 (Tex. App.—Amarillo June 11, 2007, no pet.) (mem. op., not designated for publication) (noting that jury rationally could have considered the term "sex" to include both oral sex and sexual intercourse, when term was used immediately following description of both acts).

Accordingly, we conclude that the evidence is sufficient to support the jury's finding of guilt for counts two and three.

## D. Appellant's remaining arguments

We have concluded that the evidence is legally sufficient to support the jury's finding of guilt for all four counts. Contained within appellant's sole appellate issue, in which he generally challenges the sufficiency of the evidence, are additional discrete contentions. We briefly address them and explain why they are unmeritorious.

Relevant to count three, appellant argues that Teresa testified that appellant touched his mouth to her vagina, that Teresa's testimony "conceivably could mean either contact or penetration," and that Teresa's testimony is therefore insufficient

10

to show that "mere contact occurred," rather than penetration.[4]  As explained above, however, an allegation of "penetration" necessarily includes an allegation of "contact."  Even so, Teresa clearly said that appellant "put his mouth on my vagina," which is sufficient to establish that appellant caused Teresa's sexual organ to "contact" his mouth and thus supports the jury's finding on count three.  *See Vick*, 991 S.W.2d at 834 n.2.

Second, appellant includes a heading in his brief, "The Child Testified Through Leading Questions."  However, appellant does not argue in his brief that this was improper, nor did appellant object on this basis at trial.  We decline the suggestion to consider any issue regarding the prosecutor's unobjected-to use of leading questions when examining Teresa.  *See* Tex. R. App. P. 33.1(a), 38.1(i).

Finally, appellant asserts that the testimony of Teresa's mother was "a failure," because the mother testified that appellant and Teresa were never alone together.  The jury is the sole judge of witness credibility, and it was within the province of the jury to reconcile any potential conflicts in the evidence.  *See Isassi*, 330 S.W.3d at 638.  We defer to the jury's resolution of the evidence.

None of appellant's arguments or assertions alters our conclusion that legally sufficient evidence supports the jury's verdict.  We overrule appellant's sole issue.

---

[4] Count three alleges "contact," not penetration, between appellant's mouth and Teresa's sexual organ.

## Conclusion

We affirm the trial court's judgment.

/s/    Kevin Jewell
        Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Zimmerer.

Do Not Publish — Tex. R. App. P. 47.2(b).