**Affirmed and Memorandum Opinion filed February 18, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00044-CR

## DAMIEN JAROD WHEATFALL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1572880**

## MEMORANDUM OPINION

A jury found appellant Damien Jarod Wheatfall guilty of the state jail felony of theft of the value of at least $2,500 and under $30,000. The jury assessed his punishment at two years' confinement and a fine of $5,000. In a single issue, appellant challenges his conviction, arguing the trial court's jury charge was erroneous. We affirm.

# I. BACKGROUND[1]

On December 5, 2017, Appellant was apprehended during a Houston Police Department undercover operation involving "jugging", a practice of targeting bank customers making withdrawals from a bank, following the customer, and robbing them.

A grand jury indicted appellant for unlawfully, as a member of a criminal street gang, committing and conspiring to commit the offense of theft of the value of at least $2,500 and under $30,000. Appellant pled not guilty and the case was tried to a jury. The jury was charged on the indicted offense, as well as two lesser offenses: theft of the value of at least $2,500 and under $30,000, and burglary of a motor vehicle. The jury convicted appellant of only theft of the value of at least $2,500 and under $30,000.

# II. ANALYSIS

Appellant presents a single issue on appeal:

> The unobjected to application paragraph "benefit of the doubt" jury instruction given at the guilt/innocence phase of the trial was erroneous since it allowed the jury to return a non-unanimous verdict of guilt which resulted in egregious harm to appellant.

## A. THE CHARGE

Appellant was charged in an amended indicted for the offense of "engaging in organized criminal activity—criminal street gang" by committing theft. The case was tried to a jury. Appellant avers the jury charge erred in giving a "benefit of the doubt" instruction, thereby depriving him of his right to a unanimous

---

[1] Because the parties are familiar with the facts of the case and the evidence adduced at trial, we set forth the facts of the case necessary to advise the parties of the court's decision and the basic reasons for it in light of the issues raised. *See* Tex. R. App. P. 47.1, 47.4.

verdict.

The charge instructed the jury that if it found from the evidence beyond a reasonable doubt that, as a member of a criminal street gang (namely Bloods), appellant committed theft of at least two thousand five hundred dollars and under thirty thousand dollars, then they should find the appellant guilty of engaging in criminal activity as charged in the indictment.

Following the charge instruction for organized criminal activity, the charge read:

> Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of engaging in organized criminal activity and next consider whether the defendant is guilty of committing theft in an amount of two thousand five hundred dollars and under thirty thousand dollars.

The charge further instructed the jury that if it found beyond a reasonable doubt from the evidence that appellant committed the offense of theft of at least two thousand five hundred dollars and under thirty thousand dollars, then the jury should find appellant guilty of theft of at least two thousand five hundred dollars and under thirty thousand dollars. Thereafter, the charge states:

> If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of either engaging in organized criminal activity or theft of at least two thousand five hundred dollars and under thirty thousand dollars, but you have a reasonable doubt as to which of said offenses he is guilty, then you must resolve that doubt in the defendant's favor and find him guilty of the lesser offense of theft of the value of two thousand five hundred dollars and under thirty thousand dollars.[2]

The charge further instructed:

> Unless you so find from the evidence beyond a reasonable doubt, or if

---

[2] This is the "benefit of the doubt" instruction.

3

you have a reasonable doubt thereof, you will acquit the defendant of committing theft in an amount of two thousand five hundred dollars and under thirty thousand dollars and next consider whether the defendant is guilty of burglary of a motor vehicle.

The charge instructed the jury that if it found from the evidence beyond a reasonable doubt that appellant unlawfully, with the intent to commit theft, broke into a vehicle without the owner's consent, then it should find the appellant guilty of burglary of a motor vehicle.

Moreover, the charge instructed the jury "[i]f you have a reasonable doubt as to whether the defendant is guilty of any offense defined in this charge you will acquit the defendant and say by your verdict 'Not Guilty.'"

On the last page of the charge, the jury was instructed that their verdict "must be by a unanimous vote of all members of the jury."

## B.   CHARGE ERROR

### 1.   STANDARD OF REVIEW

In reviewing alleged jury charge error, appellate courts engage in a two-step process. *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015); *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). First, we determine whether there was error in the charge; if not, our analysis ends. *Cortez*, 469 S.W.3d at 598; *Kirsch*, 357 S.W.3d at 649. If we find there was error in the charge, we must then determine whether sufficient harm resulted from the error to require reversal. *Cortez*, 469 S.W.3d at 598; *Kirsch*, 357 S.W.3d at 649.

### 2.   JURY UNANIMITY

The governing law in Texas requires a unanimous jury verdict in criminal cases. *See* Tex. Const. art. V, § 13; Tex. Code Crim. Proc. art. 36.29(a); *O'Brien v. State*, 544 S.W.3d 376, 382 (Tex. Crim. App. 2018). Unanimity ensures that "each

4

and every juror agrees that the defendant committed the same, single, specific criminal act." *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005). If the charge creates the possibility of a non-unanimous verdict, error is shown, and a harm analysis is required. *Id.* at 749.

When a defendant is charged with multiple offenses, the trial court must instruct the jury that it cannot return a guilty verdict unless it unanimously agrees upon which offense the defendant committed. *Ngo*, 175 S.W.3d at 744. The general rule is where greater and lesser grades or degrees of an offense are charged, the court can give the jury a "benefit of the doubt" instruction and must do so if requested by the defendant unless the current charge has the same effect as the proposed instruction. *See Stewart v. State*, No. 14-95-01391-CR, 1999 WL 219398, at *6 (Tex. App.—Houston [14th Dist.] Apr. 15, 1999, no pet.) (not designated for publication) (citing *Benavides v. State*, 763 S.W.2d 587, 589 (Tex. App.—Corpus Christi 1988, pet. ref'd)); *see also Kihega v. State*, 392 S.W.3d 828, 835 (Tex. App.—Texarkana 2013, no pet.). The instruction is given to "clear up any confusion where the jury has no reasonable doubt the defendant committed an offense, but is uncertain about the grade or degree of that offense." *Stewart*, 1999 WL 219398, at *6 (citing *Benavides*, 763 S.W.2d at 589). Such an instruction informs the jury that if there is reasonable doubt as to whether the defendant is guilty of the charged offense or the lesser included offense, the jury should resolve the issue in defendant's favor and find him guilty of the lesser included offense. *Id.*

The elements of engaging in organized criminal activity are: (1) that a person, while acting as a member of a criminal street gang, (2) commits or conspires to commit (3) a listed offense—*e.g.*, theft.[3] *See Zuniga v. State*, 551

---

[3] The statute lists nineteen subsections detailing various predicate offenses that can give

5

S.W.3d 729, 734 (Tex. Crim. App. 2018). Theft is one of the enumerated offenses that can give rise to a conviction under the statute. Tex. Pen. Code § 71.02(a)(1). As set forth in the jury charge in this case, theft is a lesser included offense of engaging in organized criminal activity. *See Lashley v. State*, 401 S.W.3d 738, 746 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing Tex. Code Crim. Pro. art. 37.09). The offense of theft is committed if an individual unlawfully appropriates property with the intent to deprive the owner of that property without effective consent. Tex. Penal Code § 31.03.

### 3. APPLICATION

Appellant argues that the trial court's instruction on the "benefit of the doubt" erroneously authorized a non-unanimous verdict. Appellant maintains that this instruction authorized the jury to convict him of theft, even if not all jurors were convinced of his guilt. We disagree.

As an initial matter, the plain language of the trial court's "benefit of the doubt" instruction fails to support appellant's contention that it authorized a non-unanimous verdict. The instruction begins with "[i]f you believe from the evidence beyond a reasonable doubt that the defendant is guilty . . ." Thus, by its terms, the instruction does not apply unless the jurors already "believe from the evidence beyond a reasonable doubt" that appellant was guilty of engaging in organized criminal activity or the underlying predicate offense of theft. The charge further instructed the jury, "[u]nless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant" of theft. The charge repeated this instruction to acquit "[u]nless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable

---

rise to a conviction under the statute, including theft, as in this case. *See* Tex. Pen. Code § 71.02(a)(1)-(19).

6

doubt" as to the offense of burglary; the charge expressly instructed "[i]f you have a reasonable doubt as to whether the defendant is guilty of any offense defined in this charge you will acquit the defendant . . ." The charge stated "[y]our verdict must be by a unanimous vote of all members of the jury." On its face, this charge does not authorize a non-unanimous verdict.[4]

Next, appellant's right to a unanimous verdict was not violated because, in this charge, theft is subsumed conduct of engaging in organized criminal activity. There was only one enumerated offense alleged in the indictment, and that was theft. Appellant was not deprived of a unanimous verdict because all the jurors who believed he engaged in organized criminal activity by committing theft necessarily believed he committed theft. *See Lashley*, 401 S.W.3d at 746. Because the conduct constituting the greater offense required proof of the lesser offense, this charge does not create the possibility of a non-unanimous verdict. *Cf. Hendrix v. State*, 839, 845 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (no violation of jury unanimity when alternative criminal acts constituting the same offense were charged in the disjunctive; the conduct constituting one such act was necessarily subsumed in the conduct required to commit the other).

For these reasons, we conclude that the trial judge did not err in his instructions concerning a unanimous jury verdict. Because the jury charge was not erroneous, it is unnecessary to perform an egregious harm analysis.

Appellant's sole issue is overruled.

---

[4] When the jury announced it had reached a verdict, the trial court confirmed with the jury foreperson that the verdict was agreed upon by all members of the jury. Thereafter, at the request of appellant's trial counsel, the jury was polled, and each juror confirmed that it was his or her verdict.

### III. CONCLUSION

We affirm the judgment of the trial court.

/s/     Margaret "Meg" Poissant
           Justice

Panel consists of Justices Bourliot, Hassan, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).